## DAVID PIERCE v. W. A. WRIGHT.

1. The language of the statute (Paschal's Digest, Art. 228,) requiring pleas impeaching the consideration of sealed instruments to be under oath, is plain and unequivocal, and the courts cannot create exceptions to its requirements; and this court has by repeated decisions settled that they are imperative and must be obeyed. Therefore, notwithstanding that a sealed instrument shows upon its face that there was no consideration to make it binding in law, that defense must be asserted by a plea supported by affidavit, as required by the statute referred to, and is not available by means of a demurrer or exception.

2. On the trial of an action on a bond which obligated the defendant to save the plaintiff harmless against a note executed by the plaintiff to a third party, who had sued plaintiff on the note, it was not error to allow the plaintiff to put in evidence the record of the suit against him, in connection with proof that he he had paid off the note

ERROR from Cherokee. Tried below before the Hon. R. A. Reeves.

The facts are stated in the opinion. .

*S. P. Donley*, for the plaintiff in error.

*T. J. Word*, for the defendant in error.

OGDEN, J.—Suit was originally instituted in this cause by defendant in error, W. A. Wright, against David and Joseph Pierce, and in his petition the plaintiff alleged that at the instance and request of the said defendants he entered into an agreement to run a horse race; that he made the agreement to run the race for and on account of the said defendants, and for the especial benefit of Joseph Pierce, who was to furnish the horse to run the race; and that said defendants agreed that if he would make the race and lost anything by it they would pay the same; that in making the race, at the special instance and request of defendants, he staked his note for $750 and lost, because the defendants failed

to produce the horse to run, as they had agreed to do; that being sued on said note defendant David Pierce gave him his obligation in writing and under seal, whereby he obligated himself to pay the note, and save plaintiff harmless on account of the same; that said David Pierce failed to settle or pay said note, and that petitioner was compelled to pay the same with cost; and he claimed damages against defendants under their former agreement, and the obligation of David Pierce. On the trial the plaintiff failed to make out a case against Joseph Pierce, but obtained judgment against David Pierce, who brings the cause into this court by a writ of error.

As Joseph Pierce does not complain of the judgment of the lower court, it becomes necessary here only to review the errors complained of, so far as they affect the rights of the plaintiff in error.

We are of the opinion that the final decision of this cause must rest on the determination of the question whether, under our statute, a plea impeaching the consideration of an instrument under seal can be admitted, unless that plea be supported by an affidavit. Article 228, Paschal's Digest, reads as follows : " In any suit founded on an instrument or note in writing, under the seal of the party charged therewith, the defendant may by *special* plea impeach or inquire into the consideration thereof, in the same manner as if such writing had not been sealed; but no pleas impeaching the consideration of any instrument or note in writing, under seal, shall be admitted, unless supported by the affidavit of defendant, or some person for him," etc.

Defendant, on the trial below, objected to the reading of the obligation sued on, to the jury, because the bond showed upon its face that it had been executed without any consideration, which objection was by the court overruled. The ground upon which the court overruled the objection is not given, but it may be presumed that it was that the plea impeaching the consideration was

not supported by affidavit.  Counsel for plaintiff in error insists
with much force that, as the bond showed upon its face that there
was no consideration to make it binding in law, the reason for the
requiring an affidavit to support a plea impeaching a consideration
no longer existed, and therefore the rule should not be enforced;
and were we permitted to decide what the law should be, and not
what it is, we are frank to say that we might agree with counsel
in the interpretation of the law in this case.  But where the
language of the statute is plain and unequivocal, it is believed
that the courts have no authority to change the literal meaning of
that language.  The power to change a statute, by adding to or
taking from it, is legislative and not justicial.

But we think this court has, by repeated decisions, settled ᴠe
question that the statute is imperative and must be obeyed.        ᴠ
Lewin v. Houston, 8 Texas, 97; Clopton v. Pridgen, 8 T      ,
308; Short v. Price, 17 Texas, 403.)  We are therefore of the
opinion that the court below did not err in overruling defendant's
demurrer to the petition, or his objection to the introduction of
the bond sued on in evidence, because the defendant had failed to
file his plea impeaching the consideration of the bond, as required
by statute.

This renders a specific decision on many of the questions raised
by the assignment of errors unnecessary, as they were dependent
on the opinion just given.  The error of bringing suit against
David and Joseph Pierce, if error, is not now complained of by
Joseph Pierce, and we see no reason for David Pierce complaining
of that which has not and does not affect him.

We think the transcript of the suit of Haly v. Wright was
properly admitted.  The first part of the charge given by the court
had no relation to or connection with the suit pending, but we cannot
see how that error could possibly affect the verdict of the jury, as
they found for the plaintiff under the bond alone.  The charges
asked were properly refused for the reasons before given.

We are asked to affirm the judgment in this cause, with damages, but under the circumstances we decline doing so, as we are not willing to believe that the cause was brought up here only for delay. Therefore, the judgment of the district court is affirmed.

Affirmed.