BROOKS v. TAYLOR. (No. 6016.)

(Court of Civil Appeals of Texas. June 4, 1919.)

1. REPLEVIN ⬅125 — BOND—JUDGMENT FOR DEFENDANT.

Under Rev. St. 1911, arts. 7110, 7111, as to bond by plaintiff in replevin and judgment on the bond for defendant in case of decision against plaintiff, where plaintiff's suit is decided against him, it is the duty of the court to enter judgment for defendant on the bond, whether defendant has filed formal affirmative pleadings or not.

2. DISMISSAL AND NONSUIT ⬅19(1)—RIGHTS OF DEFENDANT—AFFIRMATIVE RELIEF—"DECIDED."

Where plaintiff in sequestration replevied, giving bond, required by Rev. St. 1911, art. 7110, conditioned for the forthcoming of the property, to abide the decision of the court, and later plaintiff dismissed, defendant had the right to judgment for the value of the property, although his answer consisted only of general demurrer and general denial, for, under article 7111, providing for judgment on the replevy bond in case of decision against plaintiff, the suit had been "decided" against plaintiff by his voluntary act, and by virtue of such statute defendant's answer had the legal effect of affirmative pleading.

[Ed. Note.—For other definitions, see Words and Phrases, Decide.]

3. TRIAL ⬅6(1)—NOTICE OF TRIAL—WHEN NECESSARY.

In action for rents, consisting of 275 bushels of oats, plaintiff having sequestrated oats and subsequently replevied the same, giving a replevy bond, where case was dismissed merely as to plaintiff's cause of action, plaintiff and his bondsman were not entitled to service of citation, or to any given period or form of notice that case would be tried at the following term.

4. REPLEVIN ⬅125—TITLE TO PROPERTY—NECESSITY.

In action for possession of certain oats, claimed as rent, where petition, affidavit and bond for sequestration, writ, and replevy bond showed conclusively that plaintiff took or caused the oats to be taken from defendant's possession, and it was alleged by plaintiff that oats were a part of crop raised by defendant, held, defendant was entitled to judgment, without reference to where actual title was; plaintiff having voluntarily discontinued action.

5. SEQUESTRATION ⬅20—BOND—MEASURE OF DAMAGES.

Contention that court erred in entering judgment on bond for value of sequestrated property at date of trial, in that true measure of damages is value at time of sequestration, cannot be sustained.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by E. J. Brooks against W. J. Taylor. Judgment for defendant, and plaintiff appeals. Affirmed.

S. J. T. Smith, of Waco, for appellant.

BRADY, J. Appellant sued appellee for the possession of certain rents on a tract of land, consisting of 275 bushels of oats, alleging that he was the owner of the land, and entitled to the rent, or its value, by virtue of the relation of landlord and tenant between them. The rents were alleged to have been the usual rental of one-third the crop raised by appellee on the rented premises. Appellant sequestrated the property, and subsequently replevied the same, giving the replevy bond, conditioned as required by law.

The cause was an appearance case at the September term, 1917, of the county court of McLennan county, and on appearance day for that term, the defendant having filed a general denial and general demurrer only, the appellant in open court requested that the case be dismissed from the docket. The court made the following entry on his docket: "September 4, 1917. Dismissed at plaintiff's cost." On the same day appellant paid the costs; and it appears in the final judgment of the court that the plaintiff's "cause of action as set forth by plaintiff in his petition filed herein on the 16th day of August, A. D. 1917, was dismissed at the request and cost of plaintiff herein, on the 4th day of September, A. D. 1917."

At the November term of the county court, on December 20, 1917, appellant's counsel was notified that the case would be taken up the following day, which was the last day of the November term, and that defendant would ask for judgment upon the replevy bond. The case was taken up and tried on the morning of December 21st, and appellant's counsel appeared, but refused to participate in the trial of the cause, except as a friend of the court, insisting that the cause had been dismissed for all purposes, and because the court was without jurisdiction to further proceed with the case. The trial was had, and judgment rendered for appellee on the replevy bond against appellant and his sureties, and on the same day appellant filed his motion for new trial, setting up the grounds which are assigned as errors in the brief for appellant. There is no brief on file for appellee.

Upon the trial the appellee, without filing any additional pleadings, offered in evidence appellant's affidavit and bond for sequestration, the writ of sequestration and return, and the replevy bond. He next offered in evidence the notation of dismissal above quoted, and testified to the market value of the oats at the date of the trial. He further testified that the oats sequestrated were in

his possession at the time of the sequestration, and that they had not been returned to him nor had he been paid for them. This was all the evidence introduced, and the judgment was against appellant and his sureties for the market value of the oats on the day of the trial, in the sum of $264, with interest, and the judgment further provided for the privilege to appellant and his sureties to return the property within 10 days after judgment, if not damaged, and for the discharge of the judgment in event of such delivery.

## Opinion.

By several assignments of error the question is presented that the action of appellant in discontinuing his suit and the entry by the court on its docket of the dismissal put an end to the case, and, in effect, that the court was without power to reopen or to proceed to try the case at the next term of court. The question is also presented in the form that it was reversible error for the court to enter judgment for appellee after the dismissal by appellant, in the absence of any offensive pleadings or averments seeking affirmative relief by appellee, and in the absence of sufficient notice to appellant. Statutory provisions and authorities are cited to the effect that a plaintiff has the right to take a nonsuit or enter a voluntary discontinuance or dismissal of his suit, in the absence of pleadings by the defendant seeking affirmative relief, or in the nature of a cross-action or counterclaim.

This right is well settled by the decisions in this state, but neither they nor the statutes relied upon are regarded as applicable, except, perhaps, to the effect that the trial court, had it attempted to do so, would have been without authority in this case to dismiss the entire cause at appellant's request without the consent of appellee. The substance of the statutes is that the right of a plaintiff to discontinue or dismiss his suit is qualified, and cannot be exercised to the prejudice of a defendant seeking or entitled to affirmative relief under the pleadings.

The statutes regulating sequestration proceedings provide for a forthcoming bond in the event of a replevy by either plaintiff or defendant, and the conditions of such bond are in substance the same in each instance. In the case of a replevy by the plaintiff, the bond is "conditioned for the forthcoming of such property, together with the fruits, hire, revenue and rent of the same, to abide the decision of the court." Article 7110, R. S. In the succeeding article it is provided that—

"In case the suit is decided against the plaintiff, final judgment shall be entered against all the obligors in such bond jointly and severally, for the value of the property replevied, and for the value of the fruits, hire, revenue or rent thereof, as the case may be."

Provision is also made for the alternative right of the plaintiff to return the property, and thus discharge the judgment.

[1, 2] It is clear from the above-quoted statutory provisions that, where the plaintiff's suit is decided against him, it is the duty of the court to enter judgment for the defendant, and we think this is so, whether the defendant has filed formal affirmative pleadings or not. It may well be doubted whether the trial court would have had authority to dismiss the case as an entirety, and to deprive appellee of his statutory right to judgment for the value or return of the property without the consent of appellee and upon the mere request of appellant. But, be this as it may, we think it is clear from the record that the suit was not dismissed as a whole, but merely the appellant's cause of action, and that the case remained upon the docket for disposition as to appellee's rights. The voluntary discontinuance of his suit by appellant operated as an abandonment of his claims to the property or its value, and put him out of court as a plaintiff. Within the meaning of the statute, the suit was thus by his own voluntary action decided against him. Thereupon appellee had the right and it was the duty of the court to enter judgment for appellee for the value of the property sequestrated and replevied by appellant. The answer of appellee by general demurrer and general denial was sufficient to entitle him, upon proper proof of market value, to a judgment, and in legal effect, by virtue of the statutory provisions, amounted to affirmative or offensive pleading. As was stated by Justice Rice, speaking for this court, in Tyson v. Bank, 154 S. W. 1055:

"Where a sequestration, attachment, or other like writ has been issued, and the property replevied, and judgment goes against the defendant, it is the duty of the court to render judgment on the bond; and this, we think, can be done without any reference in the pleadings to the issuance of such proceedings."

And in Hill v. Patterson, 191 S. W. 621, it was said by Justice Jenkins, in the course of the opinion, that:

"In the instant case the defendant had filed no answer, but it was not necessary, in order to obtain affirmative relief, that he should at any time have filed an answer asking such relief. If the case had been tried without being dismissed by plaintiff, and had been decided against him, the defendant would have been entitled to judgment on the replevy bond, without filing any answer asking therefor, or in any wise referring thereto. R. S. art. 7111; Wandelohr v. Bank, 106 S. W. 413; Tyson v. Bank, 154 S. W. 1055. In other words, the law files such plea, or makes such issue in the defendant's behalf, and enters an appearance for the bondsmen thereto without any cross-bill or plea in reconvention being filed by the defendant or citation being issued to the bondsmen."

The latter case was one very similar to the instant case, the suit having been dismissed in vacation by the plaintiff in sequestration, and we think is in point here. We also cite to the same effect Morris v. Anderson, 152 S. W. 677.

[3] As to the matter of notice, it is sufficient to say that appellant and his bondsmen were not entitled to service of citation, or to any given period or form of notice; the case still being pending for decision as to appellee's rights. It is an undisputed fact that appellant did have notice that the case would be tried, and his counsel appeared, although refusing to participate, and choosing to act merely as amicus curiæ. Appellant did not seek to reinstate his cause of action, nor has he shown wherein he was in any wise injured by the proceedings, except upon the theories herein considered and overruled.

Entertaining the view that none of the assignments relating to the question just discussed have any merit, they are all overruled. .

[4] There is another question raised in appellant's brief that must be considered. It is urged that the judgment was erroneous, because it was not shown that appellee was the owner of the oats, for the value of which he was given judgment, nor that he was entitled to the possession. This petition is not tenable. The petition of plaintiff, the affidavit and bond for sequestration, the writ, and the replevy bond show conclusively appellant took or caused to be taken the oats from the possession of appellee, and it was alleged by appellant that they were a part of the crop raised by appellee on land rented from appellant, and the suit was for their possession or their value. Appellee testified, without dispute, that they were in his possession at the time they were sequestrated, and had not been returned nor paid for. We think this sufficient, under the statute, to authorize and require the trial court to render judgment for appellee for the value or possession of the property; this without reference to where the title to the property actually was. As between appellant and appellee, the latter, under the circumstances of this case, must be regarded as the owner without further proof. The assignments raising this question are overruled.

[5] It remains only to consider the proposition relied upon by appellant that judgment should be reversed because an erroneous measure of damages was applied by the trial court in arriving at the amount of the judgment. The court rendered judgment for appellee for the value of the oats at the date of the trial, as shown by the undisputed evidence. It is urged by appellant that this was improper, in that the true measure of damages is the value of the property at the time of the sequestration. The question has been decided adversely to appellant's contention in the following cases: Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704; Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55; Western Mortgage Co. v. Shelton, 8 Tex. Civ. App. 550, 29 S. W. 494; Halbert v. Land Association, 34 S. W. 636.

All assignments have been considered, and, no reversible error having been shown, the judgment is affirmed.

Affirmed.

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes