## DAVIS et al. v. SMITH. (No. 870.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 11, 1922. Rehearing Denied Jan. 3, 1923.)

Dismissal and nonsuit ⊂⊃19(1)—Dismissal as to one defendant held not to necessitate peremptory instruction as to the others in sequestration.

Where plaintiff in lawful possession of realty under a lease executed by a tenant in common of defendant D. sued in trespass to try title, joining D., S. who claimed a right to possession by agreement with plaintiff, and R., who took possession under S., plaintiff, after sequestration proceedings reacquiring possession by giving a replevy bond, that plaintiff dismissed as to D., who made no claim, did not necessitate an instructed verdict for all the defendants, under Rev. St. arts. 7110, 7111, plaintiff not having dismissed his suit in its entirety, and the property seized under the writ not being taken from D.'s possession, but from that of R.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Trespass to try title by J. W. Smith against Wirt Davis and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Stevens & Stevens, of Houston, for appellants.

C. H. Cain and E. B. Pickett, Jr., both of Liberty, for appellee.

HIGHTOWER, C. J. The following statement is substantially made by appellants in their brief, to which no objection is made by the appellee:

This suit was instituted in the district court of Liberty county on the 8th day of October, 1919, J. W. Smith being the plaintiff, and Wirt Davis, W. P. Cruse, and E. W. Roten being the defendants. The plaintiff declared as in trespass to try title to recover a tract of 8 acres of land. Plaintiff further alleged that there was a growing crop of cotton upon the premises, and that the value of the land and crop was, in the aggregate, $1,000. The petition contained the further allegations as a basis for writ of sequestration. Proper affidavit was made for the issuance of the writ of sequestration, and proper bond in the sum of $2,000 was executed by the plaintiff, Smith, as a basis for the writ. The writ of sequestration was issued and was levied upon the 8 acres of land and cotton crop growing thereon. Under appraisement by the sheriff of the property at $1,000, the plaintiff executed a replevy bond in the sum of $2,000, and the sheriff delivered to him the property seized under the writ. Thereafter all defendants, in due time, filed a joint answer, consisting of general demurrer and general denial, but afterwards the defendant Roten filed a separate answer, in which, among other things, he set up cross-action against the plaintiff, Smith, for damages to the cotton crop, which said defendant claimed to be his own, and sought recovery against Smith and the sureties on his replevy bond for wrongfully suing out the writ. When the case was called for trial, the plaintiff, Smith, dismissed his suit as against the defendant Wirt Davis, and the trial proceeded with Smith as the plaintiff and W. P. Cruse and E. W. Roten as the parties defendant. The trial was to a jury, to whom the case was submitted upon special issues, and upon return of the verdict judgment was rendered and entered in favor of the plaintiff, Smith, against the defendants Cruse and Roten, and Roten was denied recovery on his cross-action.

It is very clear from the record before us that this controversy grew out of a dispute between the plaintiff, Smith, and the defendant Cruse as to which of them was entitled to the possession of and the right to cultivate the eight acres of land during the year 1919. The record shows, without dispute, and there is no contention by appellants to the contrary, that for many years prior to the year 1919 Smith was in lawful possession of the 8-acre tract of land here involved, under a duly executed lease by a tenant in common of the defendant Wirt Davis, and that under the terms of this same lease, which had not expired, Smith was entitled to the possession of this 8-acre tract of land and had the right to cultivate the same for the year 1919. It was the contention, however, of the defendant Cruse upon the trial that during the early part of the year 1919 it was agreed between himself and the plaintiff, Smith, that Cruse might cultivate this 8-acre tract of land during the year 1919, and that Smith would relinquish all right that he had under the lease to the possession and use of this tract of land for that year. In this connection Cruse claimed that he had authority from the defendant Wirt Davis, who owned an undivided half interest in this tract of land, to cultivate the same for the year 1919, and that the only obstacle in his way was to get Smith's consent, who held the right of possession to the tract under the lease from Davis' cotenant, and that, it having been agreed by Smith that he Cruse, might enter upon the 8-acre tract and cultivate it for the year 1919, and relying upon such agreement, he placed the defendant Roten in possession of the tract, and Roten planted it to cotton for that year and raised a crop of cotton thereon. It was shown that Roten, acting under Cruse's authority to do so, in the early spring of 1919 entered upon the tract and planted it to cotton and raised a crop of cotton thereon, and it was this crop that the plaintiff, Smith,

took possession of under the proceedings in sequestration.

As we understand the record in this case, the only material issue of fact about which there was any contradiction in the evidence was whether it was agreed by Smith, as contended by Cruse, that Cruse might cultivate this 8-acre tract of land during the year 1919. If it was so. agreed, the plaintiff, Smith, had no right to the cotton that was raised thereon by Roten, but if not so agreed, it is clear to us that Smith was entitled to the cotton raised on this tract of land during the year 1919, and recovery therefore was rightfully awarded him.

The evidence in this record touching the issue of fact as to whether it was agreed between Cruse and Smith that Cruse might cultivate this 8-acre tract during the year 1919, and that Smith relinquished his right thereto under the lease above mentioned, was a sharply controverted issue of fact, Smith denying the claimed agreement, and Cruse affirming it. The jury determined this issue of fact in favor of the plaintiff, Smith.

Appellants in their brief bring forward three assignments of error, which raise practically but one legal question. As we have shown above, when the case was called for trial below, plaintiff dismissed as to the defendant Wirt Davis, who, it was shown without dispute, was the owner of an undivided one-half interest in the 8-acre tract of land with his cotenant, who had given the right to Smith to occupy and cultivate the land. There is nothing in the record, however, to show that Davis set up any claim to the crop of cotton on the land that was levied upon in this case under the writ of sequestration, or that he was ever in possession of the cotton or claimed any interest in the same. On the contrary, it is shown without dispute that the crop of cotton grown upon this tract during the year 1919 was made by the defendant Roten, who entered under authority from Cruse, and it was from Roten's possession that the cotton was taken under the writ. There is nothing to show that there was any objection on Davis' part to his being dismissed from the suit when it was called for trial, and there was nothing in his answer other than his general demurrer and general denial.

Now it is the contention, under the assignments of error, that since it was shown by the uncontradicted evidence that Cruse was acting under authority from Davis in putting Roten in possession of this tract of land for the year 1919, and since Davis was dismissed from the suit by the plaintiff when the case was called for trial, there should have been an instructed verdict for all the defendants, and especially for Davis, against the plaintiff, Smith, and the sureties on his replevy bond for the value of the cotton seized under the writ of sequestration, and such peremptory instruction was requested by appellant and refused by the court. We think there was no error in refusing such peremptory instruction. In support of their contention on this point, appellants cite that line of authorities which' hold that, where a plaintiff in sequestration proceeding, after getting possession by means of a replevy bond of property that was seized under the writ and taken from the possession of the defendant dismissed, before trial, his suit against the defendant from whose possession the seized property was taken, then such defendant, upon request to the court properly and timely made, is entitled to judgment against the plaintiff in the suit, and the sureties on his replevy bond, for the value of the property seized, and this without any affirmative pleading against the plaintiff or his sureties. The following are cases announcing the rule contended for: Brooks v. Taylor (Tex. Civ. App.) 214 S. W. 361; E. J. Bruyere Const. Co. v. Bewley (Tex. Civ. App.) 229 S. W. 610; Hill v. Patterson (Tex. Civ. App.) 191 S. W. 621; Morris v. Anderson (Tex. Civ. App.) 152 S. W. 677; Myrick v. Futch (Tex. Civ. App.) 206 S. W. 861; R. S. arts. 7110 and 7111; Staples v. Word (Tex. Civ. App.) 48 S. W. 751.

We do not in the least question the soundness of the rule or the reasons underlying the rule, as stated in the authorities mentioned, to which we refer, but think that the rule has no application here. Smith did not dismiss his suit in its entirety, but only dismissed as against the defendant Davis, who, as we have shown, so far as is disclosed by the record, was not claiming any interest in or right of possession to the cotton seized, but his only connection with the case up to the time he was dismissed was because of the claim of Cruse that he had secured authority from Davis to cultivate this small tract of land during the year 1919. As we have stated above, no such authority could have lawfully been given him by Davis under the facts of this case, and, since the cotton that was seized under the writ was not taken from Davis' possession, and because there was nothing to show that Davis had or was claiming any interest in this cotton, and since the proof clearly shows that the cotton was taken from the possession of Roten, who cultivated the land under the authority of Cruse, the reason of the rule here contended 'for by appellants, as announced in the cited authorities, does not exist, and the rule itself has no application.

Upon the verdict of the jury determining the only material issue of fact in dispute in favor of the plaintiff, the judgment of the trial court was correct, and should be affirmed, and it has been so ordered.