**470**

George Sergeant, of Dallas, and J. Rob Griffin and H. S. Lattimore, both of Ft. Worth, for appellant.

Wm. Andress, Jr., of Dallas, for appellee.

**CRAMER, Justice**

This is an appeal from an order overruling appellant's plea of privilege to be sued in Tarrant County. The plea of privilege was filed February 13, 1948, after the return of the mandate of the Court of Civil Appeals at Amarillo in an appeal in the same case, reported in 204 S.W.2d 32. That opinion is referred to and the proceedings in this case, covered therein, will not be here repeated except where necessary. This plea was filed after the appellee, defendant below, had amended his pleading to cover only that part of his cross action which had been remanded by the Amarillo

**MAXWELL v. MAXWELL.**
No. 13954.

Court of Civil Appeals of Texas. Dallas.

Jan. 28, 1949.

Court for trial, with the exception of an application for receiver pending final hearing, which count has been heard and an order entered thereon by the trial court (not appealed from) denying the appointment of such receiver, which leaves the receivership question now moot. The appellee controverted the plea of privilege with a plea of res adjudicata. The plea of res adjudicata being sustained, the plea of privilege was overruled.

Appellant's first, second, fourth and fifth points error will be considered together: In substance they are (1) appellant, a resident of Tarrant County, is being sued in Dallas County, on a cause of action not covered by any of the exceptions to exclusive venue in the statute; (2) overruling appellant's first plea of privilege in appellant's custody suit, to the cross action of appellee for recovery for debt of money expended for child support and for accounting of community property, is not res adjudicata of the issue of venue, after the pleadings have been amended so as to include only the issue of accounting on the community property of the marriage, it being the only issue left to be litigated after the judgment of the Court of Civil Appeals; and the nonresident again pleads his privilege; (4) the suit for accounting is not germane to a suit for custody of a child and for sums expended in support of the child, and venue of same cannot be sustained by joining such separate causes in one pleading; and (5) appellee wholly failed to discharge the burden of proof resting on him to sustain the controverting affidavit to appellant's plea of privilege.

It will be noted that the appellant here was plaintiff below. He filed the original plea of privilege which was overruled in 1942 after he had taken a nonsuit on his cause of action as plaintiff.

■ Under these facts, the trial court properly overruled the first plea of privilege. This same question was disposed of by the Commission of Appeals (opinion approved by Supreme Court) in Bailey v. Federal Supply Co., 287 S.W. 1090, 1091, as follows: "Article 2182, R.C.S.1925, (article 1955, R.S. 1911) gave the company the right to take a nonsuit, but it expressly provides that it should 'not thereby prejudice the rights of an adverse party to be heard on his claim for affirmative relief.' The request made by the company was to nonsuit its cause of action against Bailey, and not to dismiss Bailey's cause of action against it. The order expressly grants this request, and it was neither intended nor construed by the trial court to have the effect to dismiss the cross-action. Bailey's right to affirmative relief was not prejudiced by this order. See Brooks v. Taylor, Tex.Civ.App., 214 S.W. 361; Hill v. Patterson, Tex.Civ.App., 191 S.W. 621. The record in this case shows that the company had, by instituting this suit in the district court of McLennan county, submitted to the jurisdiction of that court and waived its right to insist on its privilege to be sued in the county of its domicile on the cause of action asserted in the cross-action. It knew, when nonsuit was taken by it, that Bailey had filed his cross-action and was insisting on affirmative relief, and it was charged with knowledge that it could not question his right to bring the cross-action in the county where the suit was pending. De La Vega v. League, 64 Tex. 205. Having waived its right to file or insist on its plea of privilege, articles 2007 and 2008, R.C.S. 1925, relating to such pleas, are not applicable, and it has no right to insist that it was entitled to be served with a copy of controverting plea, with notation made by the judge of the time for a hearing on the plea of privilege. It had waived its right and was entitled to no such hearing." See also Zachry v. Robertson, Tex.Sup., 214 S.W.2d 949.

■ In addition, under the record here, the former final judgment on the issue of the plea of privilege would be binding as res adjudicata, whether right or wrong. Old v. Clark, Tex.Civ.App., 271 S.W. 183. These assignments are overruled.

The appellant by his third point of error asserts that appellee having alleged a new cause of action in her first amended petition, the appellant was entitled to assert anew his right to a change of venue.

■ The only change in defendant's cross action was to confine the pleading to

the sole count in the cross action which was by the Amarillo Court of Civil Appeals remanded for a new trial. Under the ruling on the first plea of privilege this issue was properly triable in Dallas County with the other issues in the cross action. The trial court's sustaining of appellant's exception to such count and its being stricken, and that action, on appeal, being reversed and such count being remanded for a new trial, such amendment after remand, we hold, does not constitute a setting up of a new cause of action. The cases cited by appellant, where the defendant filed a second plea of privilege after the plaintiff had amended and set up a new cause of action, are not in point and are clearly distinguishable, because the defendant had not voluntarily submitted himself in the first instance to the jurisdiction of the court, as appellant did in this case when, as plaintiff, he originally filed this suit. The rule set out in the Bailey case cited above is controlling here. See also Hughes v. Hughes, Tex.Civ. App., 211 S.W.2d 785.

We have considered all the questions raised and, finding no error in the record, the judgment below is affirmed.