## CONNELL v. SPIRES.

### No. 3051.

Court of Civil Appeals of Texas.
Eastland.

Jan. 22, 1954.

Joe S. Moss, Post, for appellant.

Mays & Leonard, Sweetwater, for appellee.

GRISSOM, Chief Justice.

Connell, a resident of Garza County, sued Spires there for the balance due on a contract to pasture Spires' cattle. Spires' plea of privilege was sustained and the cause transferred to Nolan County. Spires filed a cross-action in Nolan County alleging a breach of said contract, in that, Connell agreed to pasture Spires' cattle until November, 1951, but required Spires to move his cattle in June, 1951. Connell filed a plea of privilege, asserting a right to be sued on Spires' cross-action in Garza County. In a controverting plea, Spires alleged the filing of Connell's suit in Garza County, its removal to Nolan County and that Connell, by invoking the jurisdiction of the Nolan County Court, had waived his right to insist on his privilege to be sued in Garza County because Spires' cross-action arose out of the same transaction upon which Connell sought recovery and was inseparably connected with the subject matter of Connell's suit and was a matter proper to be adjudicated in the main suit. Spires further alleged that his cross-action against Connell was a compulsory counterclaim which arose out of the same transaction and

occurrence that was the subject matter of Connell's suit and that it did not require the presence of any other parties. Upon a hearing, Connell's plea of privilege was overruled and he has appealed.

Spires' points are to the effect that the court erred in overruling his plea of privilege because: (1) Spires' controverting plea failed to specifically set out the grounds relied on; (2) that the evidence was insufficient to show Spires had a cause of action; (3) that the court erred in holding that Spires' cause of action was a compulsory counterclaim which arose out of the transaction and occurrence that was the subject matter of Connell's suit and that (4) the court erred in overruling Connell's plea of privilege.

Connell admits that the Nolan County court has venue of the main action and that Spires can maintain his cross-action there if it grows out of, or is incidental to, the subject matter of Connell's suit, or is inseparably connected with the subject matter thereof. Connell contends that Spires did not plead a cause of action growing out of, or incidental to, the subject matter of Connell's suit; that Spires did not specifically set out the grounds relied on to maintain venue in Nolan County under Texas Rules of Civil Procedure, rule 86 and that Spires did not prove any cause of action.

Connell's suit was to recover the balance due on a contract for pasturing appellee's cattle. Spires' cross-action was for damages alleged to have been sustained as a result of an alleged breach of that contract. We think it is evident that Spires' alleged cross-action arises out of the transaction that is the subject matter of Connell's suit. When Connell's suit was transferred to Nolan County the parties were in the same position as if Connell's suit had been originally filed there. Hall v. Castleberry, Tex.Civ.App., 283 S.W. 581, 584. If the alleged cross-action arose out of the transaction that is the subject matter of Connell's suit, it was a compulsory counterclaim. It did not require the presence of another party. R.C.P. 97(a).

When Connell brought Spires into the court for the purpose of obtaining a judgment against him for the unpaid balance of the contract price for pasturage, he, in legal effect, invited Spires to set up all defenses thereto and granted him the privilege of setting up any cross-action which might be pleaded in such a suit. The transfer to Nolan County did not affect that privilege. The public policy of this state is to avoid a multiplicity of suits.

"The question of the original right to bring the cross-action in the county where the suit is pending cannot be raised; otherwise this design would, in a large number of cases, be defeated, and the various matters which could well be settled in the cause might have to seek a number of different counties, and be asserted in a number of different suits, before the controversy between the parties could be settled. The plaintiff must be considered as waiving any privilege to plead to the jurisdiction in such cross-actions, and as consenting that the defendant may assert in the suit any demands which he could plead were it commenced in the county where such demands were properly suable." De La Vega v. League, 64 Tex. 205, 215. See also 43 Tex.Jur. 776; 38 Tex.Jur. 402; R.C.P. 97(a); 2 Tex.Jur. 742.

We think the decision of this case is controlled by De La Vega v. League, supra, and Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949, 953. In the latter case it was held in a suit on a contract that a cross-action in the nature of a suit for damages for the breach of the same contract by the plaintiff, or of another closely related thereto, may be maintained in the court where the main suit is pending if the subject matter of the cross-action is incidental to, or arises out of the subject matter of the main suit and is a proper subject matter for a cross-action. See also Hughes v. Hughes, Tex.Civ.App., 211 S.W.2d 785; Maxwell v. Maxwell, Tex.Civ.App., 217 S.W.2d 470; Mumme v. Spies, Tex.Civ.App., 15 S.W.2d 137. There is clearly a sufficient relation-

ship between the subject matter of Connell's suit and the cross-action to show that the latter arises out of, or is incidental to, the subject matter of the main suit. Therefore, venue was properly held to be in Nolan County.

The judgment is affirmed.