Frank POWELL, Appellant,

v.

A. M. SHORT, Appellee.

No. 6731.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 16, 1957.

Rehearing Denied Jan. 13, 1958.

Samuel H. Wilds, Dumas, for appellant.

Archie S. McDonald, Dumas, for appellee.

PITTS, Chief Justice.

This action arose out of a suit filed in Moore County, Texas, by appellant, Frank Powell, a resident of Potter County, Texas, against appellee, A. M. Short, for the collection of an unpaid check in the sum of $271.30, allegedly given to appellant by appellee in payment for merchandise sold to appellee by appellant. Appellant sought recovery for the amount of the check or for the value of the alleged sold merchandise, and has alleged that, although appellee is a resident of Boise City, Oklahoma, service may be had upon him in Moore County, Texas.

In his reply, appellee joined issues with appellant and has likewise filed a cross-action against appellant seeking damages in the total sum of $950 because of alleged malicious prosecution of appellee by appellant through the State criminal processes upon the said check, alleging in effect that the check here involved was given by appellee to appellant upon a consignment of merchandise to appellee by appellant for the purpose of sale of the goods by appellee and that the said check was given only as a memorandum of bookkeeping and by agreement of the parties such was not to be negotiated by appellant, for which reason it is further alleged that appellant wrongfully swore to a complaint in Potter County, Texas, charging appellee with an unlawful offense by reason of giving said check to appellant and by wrongfully causing a warrant for appellee's arrest to be issued and served upon him, causing him humiliation, embarrassment, worry and damages to his reputation and character.

Appellant filed a plea of privilege seeking in effect to have appellee's cross-action severed from the original suit filed by appellant himself in Moore County, Texas, and to have the said cross-action transferred to Potter County, Texas, for a separate trial. Appellee answered with a controverting affidavit admitting that appellant resided in Potter County, Texas, but alleging that appellant had elected to file his original suit against appellee in Moore County, Texas, basing his alleged cause of action upon the very same check he sought to prosecute appellee for giving him and the said check being the very same check prompting the action out of which appellee's cross-action for malicious prosecution arose; appellee further alleged in effect that appellant's original suit and appellee's cross-action thereto arose out of the same transactions had between these same two parties and no others, involving the same check, over all of which the Moore County court had jurisdiction, for which reasons appellant's plea of privilege should be overruled in order that the same court, being the forum selected by appellant himself, may hear both the original claim of appellant and the counterclaim of appellee and adjudicate their differences without a multiplicity of suits.

At the venue hearing, according to the trial court's judgment, the parties intro-

duced all of their pleadings previously herein mentioned and nothing more, as a result of which the trial court found that appellant having elected to file his original suit in Moore County, Texas, and that his alleged cause of action and appellee's cross-action thereto having both arisen out of and were incident to the same transactions between the same parties and no others, appellant's plea of privilege was overruled. Appellant perfected an appeal and presents three points of error charging that appellee's controverting affidavit was insufficient, his proof was insufficient and that appellee's cross-action did not set forth "a proper subject of off-set or counterclaim," as against appellant's original claim made in the primary suit and as required by Rule 97(g) Texas Rules of Civil Procedure. Appellee resists the charges of appellant with a claim that appellant waived his right to be sued in Potter County, Texas, upon a proper cross-action filed by appellee in the original suit filed in Moore County, Texas.

Rule 97(g) cited by appellant provides that:

"Tort shall not be the subject of set-off or counterclaim against a contractual demand nor a contractual demand against tort *unless it arises out of or is incident to or is connected with same.*" (Emphasis added).

In our opinion that part of the quotation underscored by us may be applied to the record and factual situation presented in the case at bar. Section (a) of the same Rule also authorizes the filing of a counterclaim against the opposing party if the counterclaim arose out of the same transaction or occurrence which furnished the basis for the suit of the opposing party, provided the counterclaim is within the jurisdiction of the court and provided further that there are no third parties involved over whom the court cannot acquire jurisdiction. In the case at bar, appellee's counterclaim is within the jurisdiction of the Moore County court and there are no third parties involved.

A very similar situation to that presented here arose in the recent case of Connell v. Spires, Tex.Civ.App., 264 S.W.2d 458. The court there overruled a plea of privilege seeking to have venue changed for a hearing upon a cross-action filed by the defendant and in support of its conclusions cited numerous authorities which we believe present sound principles of law that may be well applied to the record and facts presented in the case at bar. The losing party in the Connell v. Spires case challenged the sufficiency of the controverting plea and claimed the evidence was insufficient but was overruled and the court there held that the respective claims of the parties arose out of the same transaction and that the plaintiff, by filing his action, had invited the defendant to set up his defenses, a part of which may be a proper cross-action or counterclaim, and that by so doing plaintiff had waived any and all objections, venue or otherwise, to such defenses.

In the case at bar we looked to the pleadings of the parties, all of which are in evidence, to determine the nature of the claims of the respective parties. By so doing we find that the claims of both parties arose out of and concerned the same transactions and were incident to and connected with the same transactions had only between appellant and appellee. Consequently the rules of law announced in the Connell v. Spires case and the authorities there cited are controlling in the case at bar. When such are applied to the record and facts presented here, they refute the claims made here by appellant and support appellee's claims here made.

Concerning the sufficiency of appellee's controverting affidavit, appellant cites, copies and relies upon the following quotation in part taken from 43–B Tex.Jur. Section 125, page 320:

"The controverting plea must allege specifically the facts relied on to confer venue, independent of the allegations set forth in the plaintiff's petition; * * *"

The text quoted sets forth other alternative provisions which are copied also by appellant. But in our opinion appellee's controverting plea met the requirements of the first provision above set out and the further alternative provision set out by the text are not applicable here.

It is our opinion that the authorities cited and relied on by appellant, other than those already previously herein discussed, are not applicable to the record and factual situation presented here, or are not controlling here in any event.

For the reasons stated appellant's points of error are all overruled and the judgment of the trial court is affirmed.