**W. O. SKIDMORE et al., Appellants,**

v.

**Keith E. COOK, Appellee.**

**No. 14591.**

Court of Civil Appeals of Texas.

San Antonio.

April 26, 1967.

Rehearing Denied June 28, 1967.

J. G. Gonzalez, Alice, for appellants.

Perkins, Floyd, Davis & Oden, Kenneth Oden, Alice, Scott T. Cook, Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellee.

BARROW, Chief Justice.

A venue action. The question presented is whether the nonresident appellants, W. O. Skidmore and H. H. Harborth, d/b/a Skidmore and Harborth, had submitted to the venue of the District Court of Jim

Wells County on the cross-action filed in said court by appellee, Keith E. Cook. The trial court determined that appellants had waived their right to be sued in their domicile by filing their original petition against appellee in Jim Wells County, and overruled appellants' plea of privilege.

The parties agree that the rule to be applied in determining venue of a cross-action is stated by the Supreme Court in Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949 (1949), as follows: "When the plaintiff instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County *as to all matters arising out of or incidental to the subject matter of the suit,* and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action." (Emphasis added.) See also, Meeker v. W. M. & W. Well Servicing Co., Tex.Civ.App., 318 S.W.2d 678, no writ; Connell v. Spires, Tex.Civ.App., 264 S.W. 2d 458, no writ; McDonald, Texas Civil Practice, § 4.40; Clark, Venue in Civil Actions, 195; 52 Tex.Jur.2d, Setoff, Counterclaim, Etc., § 50 (1964).

Appellants assert two propositions under their seven assignments of error. First, the trial court erred in overruling their special exceptions to the cross-action and controverting affidavit filed by appellee, in that there are not sufficient facts alleged to establish a cause of action against appellants arising out of the transaction sued on by appellants in their original petition. Second, the uncontradicted evidence establishes that the claims asserted by appellee in his cross-action did not arise out of the transaction sued on by appellants.

Appellants, who are residents of Duval County, filed this suit in the District Court of Jim Wells County against appellee, a resident of Jim Wells County, seeking to recover the sum of $9,600.00, together with attorney's fees of $750.00, allegedly due upon four contracts entered into between December 1, 1964, and April 1, 1965, to do brush control and soil conservation work upon 640 acres of land belonging to appellee in Duval County.

Appellee filed a cross-action whereby he asserted two counts against appellants. He alleged that he was in the insurance and real estate business and that appellants purchased insurance policies from him from time to time and had allowed the premiums due thereon to accumulate. Appellee alleged that appellants agreed to perform the work sued upon by them in order to reduce their indebtedness to him on their insurance account. He sought to recover payment of $3,148.49, allegedly due on their account. Appellee further alleged that as an inducement for him to continue to carry their insurance, appellants employed him to perform certain services for and in their behalf, and agreed to pay him $175.00 per month. He alleged he had earned, and therefore sought to recover, the sum of $7,260.50 under this agreement. Appellee also sought the sum of $1,500.00 as attorney's fees for prosecuting these two claims.

Appellants filed numerous special exceptions to the controverting plea and cross-action complaining of appellee's failure to allege when the premium obligations were incurred, the type of services to be performed by appellee, and for whom the services were performed. They also specially denied that any insurance premiums were owed by the partnership at the time the work sued on by them was contracted, and denied that the special services were to be performed for the partnership or appellants individually. It was affirmatively alleged that, as shown by a demand letter attached to this answer, the services were performed by appellee for Sharco Investors, Inc., a corporation in which appellants and appellee were stockholders.

At the hearing of the plea of privilege the trial court overruled the special exceptions without prejudice to appellants right to require specific allegations by appellee prior to the trial on the merits.

Appellee offered in evidence the original petition filed by appellants, his amended answer and cross-action, the appellants' plea of privilege, and the controverting affidavit filed by appellee. Appellee then rested without presenting any testimony. Appellant Skidmore testified that the partnership of Skidmore and Harborth was not indebted to appellee for any insurance premiums at the time the contracts sued on by them were entered into and that he personally owed only one premium which had just accrued. He further denied that appellee had been employed by the partnership. At this point, the court stated that for purpose of the plea of privilege hearing, it would assume that Skidmore denied all allegations of fact contained in the cross-action and controverting affidavit.

█ This record does not support an implied finding by the trial court that either of the claims asserted by appellee in his cross-action arises out of or is incidental to the subject matter of appellants' original petition. Appellee's claim for monthly services of an undescribed nature has no alleged relationship to appellants' contracts to perform brush control and soil conservation work for appellee. A more difficult question is presented as to the claim for insurance premiums, in that appellee alleged appellants agreed to perform this work in order to reduce said account.

Appellee urges that this allegation was all that was required to sustain venue in Jim Wells County and that appellants' denial of such an agreement by their exceptions, affirmative pleadings, and by Skidmore's uncontradicted testimony, was immaterial. In support thereof appellee cites: Powell v. Short, Tex.Civ.App., 308 S.W.2d 532, no writ, and Connell v. Spires, Tex.Civ.App., 264 S.W.2d 458, no writ.

█ In Powell v. Short, supra, the Court held that the nature of the claims of the parties could be determined by looking to the pleadings, and where the claims of both parties arose out of and concerned the same transaction and were incident to and connected with the same transaction, had only between these parties, plaintiff waived his right to be sued on the cross-action in the county of his domicile. In Connell v. Spires, supra, the Court impliedly overruled a point complaining of the sufficiency of the evidence to show that the cross-plaintiff had a cause of action, by stating that it is evident that the alleged cross-action arose out of the transaction that is the subject matter of the original petition.

It is seen that in each of these cases, the uncontradicted pleadings show a cross-action growing out of, or incidental to, the subject matter of the original petition. There was no necessity for evidence where there was no dispute in the pleadings. Here there is a dispute raised in the pleadings as to the relationship of appellee's claim for insurance premiums and appellants' claim for work on appellee's land. Furthermore, in Zachry v. Robertson, supra, the Supreme Court obviously considered evidence introduced at the plea of privilege hearing, as it said: "A review of the pertinent facts in this case shows that there is sufficient connection between the subject matter of the cross-action and the subject matter of the main suit to make the cross-action arise from or be incidental to the main suit, * * *."

The uncontradicted evidence establishes that the claims asserted by appellee in his cross-action did not arise from and are not incidental to the subject matter asserted by appellants in their suit. Appellee therefore failed to meet the burden imposed upon him when appellants filed their plea of privilege to remove said cross-action to the county of their domicile. The trial court erred in overruling said plea of privilege.

The judgment of the trial court is reversed and the cause is here remanded with instructions to sever said cross-action and transfer same to the District Court of Duval County.

On Appellee's Motion for Rehearing.

Appellee urges that since the trial court held that evidence was unnecessary, based upon an erroneous interpretation of the holdings of Powell v. Short, Tex.Civ. App., 308 S.W.2d 532, no writ, and Connell v. Spires, Tex.Civ.App., 264 S.W.2d 458, no writ, the cause should be remanded in the interest of justice in order that the evidence may be fully developed by him.

It is obvious from this record that this cause was not fully developed by appellee because of this misinterpretation by appellee and the trial court. Therefore, in the interest of justice, it should be remanded to the trial court. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Keeling v. Zoller, Tex.Civ.App., 388 S.W. 2d 274, no writ; Texas International Products v. Mustex, Inc., Tex.Civ.App., 368 S.W.2d 27, no writ; City of Houston v. Bullard, Tex.Civ.App., 354 S.W.2d 224, no writ.

Accordingly, our judgment of April 26, 1967, is set aside, and the judgment of the trial court is now reversed and the cause remanded for a new trial.