Harris R. FENDER, Appellant,

v.

Robert A. MANN et al., Appellees.

No. 5489.

Court of Civil Appeals of Texas, Waco.

Nov. 6, 1975.

Potter, Lasater, Guinn, Minton & Knight, F. Wilbert Lasater, Tyler, Sheehy, Lovelace & Mayfield, John F. Sheehy, Sr., Waco, for appellant.

Sleeper, Williams, Johnston, Helm & Estes, P. M. Johnston, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Fender from an order overruling his plea of privilege to appellees' cross-action.

Appellant Fender (a resident of Smith County), as plaintiff sued appellees Mann, et al. (residents of McLennan County) in McLennan County, alleging that Fender, Mann and Houston Southwest Corporation entered an agreement to buy control of the Kilgore Bank, taking the stock in Mann's name; that the agreement provided Mann was to transfer to the other parties their stock upon request, and further provided for preferential right to purchase by the other parties if one desired to sell his part of the control stock; that Houston Southwest sold its stock to Southwest Bancshares subject to the control agreement; that Mann and Fender thereafter borrowed $1,001,874. from Republic Bank to purchase the stock held by Southwest Bancshares, pledging the control stock as security; that

without notice to Fender, Mann paid off Republic Bank, and withdrew the control stock; that Fender tendered Mann $507,-098. (½ of the amount of the Republic note) and demanded ½ the stock purchased from Southwest Bancshares; that Mann refused the tender and denied Fender's right to any part of the stock purchased from Southwest Bancshares. Fender plead he had preferential right to purchase under the control agreement; that Mann was proposing to sell such stock to "Pearson & Martin", which would result in irreparable damage to him; sought injunction against Mann selling the stock pending determination of this cause. By amended petition Fender plead that after filing of suit he purchased a portion of the stock from Mann; prayed for injunction as before; judgment declaring he has right to purchase the remainder of the stock under the terms of the control agreement; and judgment specifically enforcing such right.

Appellees Mann, et al., filed answer and cross-action alleging that First Madison Corporation executed a $600,000. note secured by 425 acres of land, payable to Great Southwest Mortgage & Investment Company, which assigned such note to Mann; that Mann assigned such note to Continental National Bank of Ft. Worth as collateral for a $600,000. note he executed; that Fender for a fee of $30,000. executed a commitment to purchase such note between certain dates if called upon; that Fender was called upon, but refused to purchase same; that this put Mann in great financial bind; that Fender knew what position Mann would be in if he refused to purchase such note; that Mann was economically coerced into having to sell the Kilgore Bank stock; that Fender's action caused Mann great economic loss and personal embarrassment; that Fender's action was willful, intentional and malicious, and part of a prearranged scheme to take Mann's property without adequate consideration.

Mann prayed judgment that Fender be required to reconvey to Mann the stock purchased; that Mann be found to have no obligation to sell Fender the balance of the stock; and that Mann recover $100,000. damages against Fender, caused by his refusal to purchase the $600,000. First Madison note.

Fender filed plea of privilege to be sued in the county of his residence to Mann's cross-action, asserting such was for the breach of an entirely different contract from that involved in the main suit.

Mann controverted that Fender invoked the jurisdiction of the court in McLennan County, thus inviting defendants to set up all defenses, counterclaims and cross-actions germane to the subject matter set forth in plaintiff's pleadings, and that all controversy between the parties should be settled in one suit.

After hearing the trial court overruled appellant's plea of privilege.

Appellant appeals on one point: "The trial court erred in overruling appellant's plea of privilege because the cross-action asserted by defendants was not based upon a matter growing out of or incidental to the subject matter of the same suit."

Appellee by reply point asserts the trial court "correct in overruling plaintiff-appellant's plea of privilege in that the counterclaim asserted was based on matters germane and incidental to the subject matter of plaintiff's suit and plaintiff waived his right to be sued in the county of his domicile by filing suit in McLennan County.

Mann and Fender were both astute business men, and had many dealings with each other. They each had owned, or did own, controlling interests in many banks.

Fender sued Mann to enforce a contract whereby Fender asserted preferential right to purchase controlling stock interest in the Kilgore Bank. After filing of the suit Mann sold Fender a portion of the stock. Mann asserted in his cross-action that the only reason the stock was offered for sale was because of Fender's wrongful dishonor of an agreement to purchase a $600,000. note; which placed Mann in a position of economic coercion to sell the stock.

*De La Vega v. League,* 64 Tex. 205 holds: "A plaintiff calling a defendant into court for the purpose of obtaining relief against him invites him to set up all defenses which may defeat the cause of action sued on, or any other appropriate and germane to the subject matter of the suit, which should be settled between the parties before a proper adjudication of the merits of the cause can be obtained. He grants him the privilege of setting up all such counterclaims and cross-actions as he holds against the plaintiff which may legally be pleaded in such a suit.

"This is particularly the case in our state, where a multiplicity of suits is abhorred, and a leading object is to settle all disputes between the parties pertinent to the cause of action in the same suit."

And *Zachry v. Robertson,* 147 Tex. 307, 214 S.W.2d 949 holds: "When the plaintiff instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action." And further: "It is generally held that in a suit upon a contract, a cross-action in the nature of a suit for breach of the same contract by the plaintiff, or for the breach of *another contract closely related* thereto, may be maintained, and that the subject matter is incidental to or arises from the main suit, and is proper subject matter for a cross-action."

See also, *Hurst v. Stewart,* Tex.Civ.App. (San Antonio) 526 S.W.2d 668; *Connell v. Spires,* Tex.Civ.App. (Eastland) NWH, 264 S.W.2d 458; *Vanguard Insurance Co. v. Young,* Tex.Civ.App. (Houston 1st) NWH, 511 S.W.2d 65.

We think the cross-action incidental to, or related to the suit to enforce preferential right to purchase the stock, in that such cross-action alleged the only reason the stock was for sale was because of an asserted breach of contract by appellant.

Appellant's point is overruled.

Affirmed.