**UNITED COIN METER COMPANY, a Division of Solon Automated Services, Inc., Appellant,**

**v.**

**F. M. SHORT COMPANY d/b/a Indian Creek Apartments, Appellee.**

No. 6083.

Court of Civil Appeals of Texas, Waco.

Aug. 2, 1979.

Rehearing Denied Sept. 6, 1979.

Hilton H. Howell, Naman, Howell, Smith, Lee & Muldrow, P. C., Waco, Edward S. Koppman, Akin, Gump, Hauer & Feld, Dallas, for appellant.

Stephen R. Fontaine, Sleeper, Williams, Johnston, Helm & Estes, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by United Coin Meter Company, original plaintiff and cross defendant, from order of the trial court overruling its plea of privilege.

Plaintiff United Coin sued defendant F. M. Short Company, D/B/A Indian Creek Apartments in February 1978 in Dallas County alleging plaintiff to be a resident of Dallas County, and that defendant is owner and manager of Indian Creek Apartments in Waco; that plaintiff has a written lease for installation of coin operated laundry equipment at Indian Creek which is in effect until October 1981; that defendant purchased the apartments after execution of the lease and is bound thereby; that defendant has notified plaintiff to remove the equipment and that if plaintiff does not remove same defendant will. Plaintiff sought temporary restraining order and temporary and permanent injunction restraining defendant from removing plaintiff's laundry equipment from its location in Indian Creek Apartments. The lease was attached.

The trial court entered temporary restraining order (and temporary injunction) restraining defendant from removing the equipment during pendency of suit.

Thereafter defendant Short filed plea of privilege to be sued in McLennan County, and the trial court sustained such plea and ordered the case transferred to McLennan County.

Thereafter defendant Short filed a counterclaim as cross plaintiff against United Coin as cross defendant for an accounting, alleging United is lessee of laundry rooms in three apartment complexes owned by Short located in Waco, Denton and El Paso; that Short purchased these apartments after execution of the leases between United and the original owners; that United takes the proceeds from the machines at the three locations without Short having opportunity to verify the receipts; that Short is entitled to verify the receipts; and prays for temporary restraining order and temporary injunction pending trial against United removing money from the laundry equipment at the three locations unless Short's agent be present when the money is removed. The trial court granted such temporary restraining order and United agreed to temporary injunction.

In February 1979 Short filed First Amended Counterclaim as cross plaintiff against United as cross defendant, alleging Short had purchased six additional apartment complexes located in Edinburg, Odessa, College Station and Lubbock in which United is lessee of laundry rooms; and sought temporary restraining order and temporary injunction against cross defendant removing money from the laundry equipment in these six additional apartments without Short's agent being present, during pendency of suit. Copies of the leases were attached and are almost identical to the leases on the first three apartments except for the percentages lessor shall receive, the length of the lease, and the named parties. Temporary restraining order was granted by the trial court.

United thereafter filed plea of privilege to be sued in Dallas County on the First Amended Counterclaim. Short controverted that United filed suit against Short in Dallas County; that such suit was transferred to McLennan County on Short's plea of privilege; that United has appeared generally and thereby invoked the jurisdiction of the McLennan County Court as to all matters arising out of or incidental to the subject matter of its suit; that the matters involved in the First Amended Counterclaim are permissive, involve the same parties, facts and questions of law as the contracts plead in the original petition and the original counterclaim.

The trial court after hearing overruled United's plea of privilege to Short's First Amended Counterclaim.

Appellant, Cross Defendant United appeals on one point contending the trial court erred in overruling its plea of privilege for transfer of [Short's] first amended counterclaim to Dallas County, "because such first amended counterclaim is not incidental to and does not arise from the main suit".

United filed original suit against Short in Dallas County for temporary injunction to prevent Short from taking coin operated laundry equipment out of Short's apartment complex. Whether Short had such a

right depended upon construction of United's lease (which was attached).

Short filed plea of privilege and the case was transferred to McLennan County. Short counterclaimed against United to enjoin United from taking the proceeds from coin operated laundry equipment in three apartment complexes owned by Short. Resolution of this controversy depended on construction of Short's leases with United (which were attached). Temporary injunction was granted by agreement.

Short then filed First Amended Counterclaim against United, seeking the same relief as in his first counterclaim, as to six additional apartment complexes. Resolution of this controversy depends upon construction of the leases with United (which leases were attached).

United then filed plea of privilege to be sued on the amended counterclaim in Dallas County which was overruled by the trial court.

All three controversies, viz. United's suit for injunction against Short to prevent removal of laundry equipment from Indian Creek Apartments; Short's counterclaim for injunction to prevent United from taking proceeds from coin operated laundry equipment belonging to United but located in three apartment complexes belonging to Short; and Short's First Amended Counterclaim seeking the same relief against United at six additional apartment locations; depend for resolution upon construction of the nine leases involved. Each of the nine leases are similar and several have identical provisions. They differ in length of lease term, amount of rental, location of leased premises and named parties.

*De La Vega v. League,* 64 Tex. 205 holds:

"A plaintiff calling a defendant into court for the purpose of obtaining relief against him invites him to set up all defenses which may defeat the cause of action sued on, or any other appropriate and germane to the subject-matter of the suit, which should be settled between the parties before a proper adjudication of the merits of the cause can be obtained. *He grants* him the privilege of setting up all such counterclaims and cross-actions as he holds against the plaintiff which may legally be pleaded in such a suit.

"This is particularly the case in our state, where a multiplicity of suits is abhorred, and a leading object is to settle all disputes between the parties pertinent to the cause of action in the same suit".

And *Zachry v. Robertson,* 147 Tex. 307, 214 S.W.2d 949 holds: "It is generally held that in a suit upon a contract, a cross-action in the nature of a suit for breach of the same contract by the plaintiff, *or for the breach of another contract closely related thereto,* may be maintained, and that the subject matter is *incidental to* or arises from the main suit, *and is proper subject matter for a cross action* ".

To the same effect are: *Fender v. Mann,* Tex.Civ.App. (Waco) NWH, 530 S.W.2d 155; *Hurst v. Stewart,* Tex.Civ.App. (San Antonio) NWH, 526 S.W.2d 668; *Vanguard Ins. Co. v. Young,* Tex.Civ.App. (Houston 1) NWH, 511 S.W.2d 65; and *Connell v. Spires,* Tex.Civ.App. (Eastland) NWH, 264 S.W.2d 458.

In *Connell,* supra, in a case where, as here, the cross plaintiff had caused the original case to be moved to his home county on plea of privilege prior to filing his cross action, the court held cross plaintiff's right to set up cross action was not affected by the fact he had caused the case to be removed to his home county prior to filing his cross action.

United complains in its brief of the legal capacity of Short to sue by cross action on some of the leases. United filed a plea in abatement subsequent to filing of the plea of privilege raising these issues, and such issues will be resolved on the merits.

We think Short's First Amended Counterclaim closely related and incidental to United's original suit, and as such proper subject matter for a cross action.

Appellant's point is overruled.

AFFIRMED.