## BARKER v. FAGG et al.

### No. 8470.

Court of Civil Appeals of Texas. Austin.

June 16, 1937.

Carl Runge, of Mason, and R. L. Johnson and F. R. Gray, both of San Saba, for appellant.

J. H. Baker, of San Saba, and Sam McCollum, of Brady, for appellees.

BLAIR, Justice.

Appellant, L. W. Barker, sued appellees, E. E. Fagg, R. W. Burleson, and L. P. Powell, to recover upon an alleged oral contract of indemnity and a written bond obligation securing it, or upon the written bond obligation as established by the oral collateral contract of indemnity pleaded. The trial court sustained several special exceptions to appellant's third amended original petition and to his fourth amended original petition, filed under an order to replead; and rendered judgment for appellees upon the ground that the sustaining of the special exceptions determined all issues of fact against appellant; hence this appeal.

The facts set forth in said pleadings are substantially as follows: Appellant owned 5,735.1 acres of land, which he desired to sell, and listed the land with C. E. Harkey and E. E. Fagg, real estate brokers, and agreed to pay 3 per cent. of the sale price of the land to either of them for procuring a sale. The land was sold to R. M. Manley for a total consideration of $54,434.53. Harkey and Fagg each claimed to have been the procuring cause of the sale, and each claimed the sum of $1,633.04 as commission for procuring the sale. During this controversy appellee Fagg requested that appellant pay the commission to him,

which appellant refused to do upon the ground that he could not afford to pay two commissions; whereupon appellee Fagg orally agreed that if appellant would let him have the money he would give appellant a good bond to secure its repayment, and that he would take all of the worry off of appellant's hands concerning the commission, and that appellant would not have to go into court and be dragged around, and that Fagg would take care of and defend any suit that might thereafter be filed for collection of the commission; and that appellant would not have to pay nor be liable for the payment of but one commission. Relying upon said promises and representations of Fagg, appellant paid him $1,633.04, and Fagg as principal, with R. W. Burleson and L. P. Powell as sureties, executed and delivered to appellant a bond, which, omitting formal and immaterial parts, reads as follows:

"That we, E. E. Fagg, of San Saba County, Texas, as principal, and R. W. Burleson and L. P. Powell as sureties, are held and firmly bound unto L. W. Barker of said County of San Saba, and State of Texas, his heirs and assigns in the full sum of Three Thousand, Two Hundred, Sixty-six and 8/100 Dollars ($3,266.08) for the payment of which sum well and truly to be made we bind ourselves, our heirs, executors and administrators firmly by these presents.

"The condition of the foregoing obligation however is such that: Whereas, a controversy has arisen between the said E. E. Fagg and the said L. W. Barker as to whether or not the said Barker is justly indebted to the said Fagg in the sum of $1,633.04 for commissions due by Barker to the said Fagg for making a sale of approximately 5,735 acres of land for said Barker to R. N. Manley * * * (here follows description); the said sum of $1633.04 being three per cent. of the total consideration for said purchase, said total consideration having been the sum of $54,434.53, which said sum of three per cent of said selling price the said L. W. Barker has heretofore agreed to pay to the said E. E. Fagg, a real estate agent and commission broker in said County of San Saba, Texas, in the event of a sale of said land having been made by the said Fagg; and

"Whereas, the said L. W. Barker has paid to the said E. E. Fagg the said sum of $1633.04, being the full amount claimed by said Fagg to be due him under and by

virtue of said contract heretofore made with the said L. W. Barker; and there is as above stated some question in the mind of the said Barker as to whether or not said commission being the said sum of $1633.04 was justly due said Fagg:

"Now, therefore, should it be at any time hereafter determined by the final decree of a court of competent jurisdiction, that the said E. E. Fagg was not justly entitled to receive said sum of $1633.04, and that the same was not justly due him by the said L. W. Barker, then and in that event if the said E. E. Fagg shall refund and repay to the said L. W. Barker within sixty days such decree of such court of competent jurisdiction has become final said sum of $1633.04 or so much thereof as shall be decreed to have been unjustly paid to said Fagg by said Barker, together with interest on such sum from this date to the date of such repayment at the rate of six per cent per annum; then and in that event this obligation shall become null and void, otherwise to remain in full force and effect."

The bond was dated March 13, 1933, and on March 24, 1933, the said O. K. Harkey filed suit against appellant for $1,634.50 as the alleged amount due him for procuring the sale of the property to R. M. Manley. Harkey named and cited appellee Fagg as a party defendant upon the allegation that he was claiming some interest in the commission. Fagg filed an answer in said suit, consisting of a general demurrer and pleas of misjoinder. The general demurrer was overruled, but the pleas of misjoinder were sustained; and Fagg was dismissed from the suit upon said pleas, notwithstanding appellant requested that he comply with his oral agreement to defend the suit. On May 8, 1933, the cause was tried, both appellant and Fagg testifying in said cause, and a final judgment was rendered in favor of O. K. Harkey for the sum of $1,089.66 against appellant.

Appellant pleaded the above facts and circumstances and sought to recover upon the alleged oral contract of indemnity and the written bond obligation securing it, or upon the written bond obligation as established by the alleged oral collateral contract of indemnity. He further alleged that if the oral contract of indemnity could not be proved because it varied the terms of the written bond, then either by fraud, accident, or mutual mistake Fagg did not execute the character of bond agreed upon,

in that it did not incorporate the terms of the oral agreement; and that Fagg made the agreement with the fraudulent intent of never carrying it out.

Appellant further pleaded the oral contract of indemnity, the bond obligation securing it, and the judgment obtained by Harkey against him for $1,089.66, in bar and estoppel of Fagg to claim that he made the sale of the land to Manley and that he was entitled to a commission for the sale of said land. Appellant also pleaded the judgment in favor of Harkey as a final adjudication and determination of the issue of whether appellant owed Fagg any commission for the sale of the land. He especially denied that Fagg made the sale and was entitled to a commission for the sale of the land. Appellant prayed that the legal and equitable remedies of indemnity, estoppel, res adjudicata, mutual mistake, and fraud be adjudged against appellees, and for judgment for the amount of the bond, interest, and costs of suit, and for general relief.

By a second count appellant pleaded in the alternative the making of the oral agreement with Fagg and the delivery of the bond, the filing of the suit by Harkey, the failure and refusal of Fagg to defend said suit, his procuring of his dismissal from the suit, the procurement of the judgment by Harkey for the sum of $1,089.66; that the judgment became final; that the statements, promises, assurances, and representations made by Fagg to appellant were the consideration for his paying the sum of $1,633.04 to Fagg and the acceptance of his bond, upon the belief and reliance that Fagg would defend said suit and would pay any judgment rendered against appellant in favor of Harkey, and would protect appellant from having to pay two commissions; and Fagg failed and refused to carry out the terms of said agreement and bond. Appellant prayed that Fagg and his sureties be held liable on the bond for the amount of the judgment, interest, and costs recovered by Harkey.

The general demurrer of appellees to the aforementioned pleadings of appellant was overruled. Several special exceptions were sustained which struck from the pleadings of appellant any reference to the cause of action based upon the alleged oral contract of indemnity and the written bond obligation securing it, or upon the bond obligation as established by the alleged oral collateral contract of indemnity, upon the ground that the oral agreement alleged varied the

terms of the written bond obligation. Several special exceptions were sustained which struck from the pleadings appellant's pleas in bar and estoppel based upon the conduct of Fagg in connection with the suit of Harkey against appellant and himself, or by reason of Harkey's judgment against appellant for the commission; and also appellant's plea of res adjudicata by reason of the Harkey judgment. Several special exceptions were also sustained to the suit of appellant on the oral indemnity contract and bond securing it, upon the ground that he should have asserted same by cross-action in the suit of Harkey against appellant and Fagg for the commission; and for the same reason the pleadings of appellant that Fagg did not make the sale of the land to Manley and was not entitled to a commission were stricken. And judgment was rendered in favor of appellees, reciting that, "the court being of the opinion that by the sustaining of said exceptions (h), (*l*), (o), (q), (r), (s) and (t) all issues of fact as set forth in the pleadings now on file by plaintiff have been determined and that no issue of fact is left to be tried by the court."

The trial court erred in sustaining each of the special exceptions and in rendering judgment for appellees. Clearly the striking of all pleadings with reference to the alleged oral contract of indemnity and the bond obligation securing it, or the bond obligation as established by the alleged oral collateral contract of indemnity pleaded as varying the terms of the written bond, was error. The written bond recites that a controversy exists as to whether or not Fagg was entitled to the broker's commission. It does not state what the controversy was. It merely states that a certain sum had been paid Fagg as a claimed commission, and bound appellees to repay appellant if it were thereafter "determined by the final decree of a court of competent jurisdiction, that the said Fagg was not justly entitled to receive said sum." That is, the bond merely undertakes to indemnify or protect appellant against loss of the amount, or any part of it, paid to Fagg, if it were later determined by a final judgment that he was wrong in his contention with reference to the controversy referred to but not described in any manner in the bond. Nor does the bond specifically provide that the judgment which the bond obligation requires appellees to pay shall be against Fagg; but merely provides that

it shall be a final decree which determines that he "was not justly entitled to receive" the commission or that it "was not justly due him" by appellant. So it is manifest that if parol evidence is not admissible to show the nature of the controversy referred to, and to show the agreement of the parties concerning it, and that such agreement constituted the consideration for the execution and delivery of the bond, then no liability on the bond can ever arise or be established. Nor can any breach of the bond obligation ever be shown or established if parol evidence is not admissible to show what the controversy referred to was, the agreement concerning it, the consideration for the bond, and the breach of the agreement.

The rule is settled that an oral contract of indemnity is enforceable. Bain v. Lovejoy (Tex.Com.App.) 234 S.W. 1096. It is also the settled rule that parol evidence is admissible to show indemnity proposals; to prove the making of a collateral contract of indemnity, such as one to indemnify the maker of a promissory note against any liability thereon; and to prove oral contracts of indemnity as collateral agreements whereby indemnitor contracts to save indemnitee harmless from liability on some specific obligation or note. Reeves v. Anderson (Tex.Civ.App.) 217 S.W. 745 (writ ref.); Eddleman v. Wofford (Tex. Civ.App.) 217 S.W. 221; Pierce v. Wright, 33 Tex. 631. On principle and by analogy these cases sustain our conclusion that parol evidence is admissible to prove the alleged oral contract of indemnity and the bond obligation securing it, or the bond obligation as established by the alleged oral collateral contract of indemnity. If such a cause of action is proved, then the judgment in favor of Harkey against appellant is conclusive as against Fagg and his sureties on the bond under the rule stated in United States Fidelity & Guaranty Co. v. Paulk (Tex.Civ.App.) 15 S.W.(2d) 100, 103, as follows: "The rule seems to be established that an indemnitor, although he does not appear in the suit, is not regarded as a stranger to the judgment, which, if obtained without fraud or collusion, is conclusive against him to the extent of the matters expressly determined by it, where such indemnitor expressly makes his liability to depend on litigation and stipulates that he will abide the result of the suit."

Under this rule the court erred in striking appellant's pleas in bar and estoppel

and res adjudicata by reason of the Harkey suit and judgment against appellant for the commission.

■ Appellant also plead fraud, accident, and mutual mistake in failing to incorporate in the bond the alleged oral contract of indemnity. In 17 Tex.Jur., 838, § 380, the rule as to parol evidence with regard to mistake or accident is stated as follows: "The parol evidence rule does not apply where it is alleged and proved that, by reason of mutual mistake of fact or accident, the agreement fails to embody all of the terms of the contract actually made, or does not express the real intention of the parties; and in such a case extrinsic evidence is admissible to show what the real contract was." Dunham v. Chatham, 21 Tex. 231, 73 Am.Dec. 228; Texas Pacific Coal & Oil Co. v. Crabb (Tex.Com.App.) 249 S.W. 835; Keystone Pipe & Supply Co. v. Kleeden (Tex.Civ. App.) 299 S.W. 671.

The same rule applies where some of the terms of a contract are fraudulently omitted.

■ If the appellant should fail to establish his oral contract of indemnity and bond obligation securing it as alleged, then the pleadings left the issue as to whether Fagg made the sale of the land and was entitled to the commission in controversy. The trial court therefore erred in sustaining the several special exceptions to the suit of appellant upon the ground that he should have asserted by cross-action his suit on the alleged oral contract of indemnity and bond obligation securing it, or his claim that Fagg was not the procuring cause of the sale in the suit of Harkey against appellant for the commission. The case of United States Fidelity & Guaranty Co. v. Paulk, supra, is authority for the proposition that indemnitor Fagg was not a necessary party to the Harkey suit. It is true that in a proper case the person indemnified may by cross-action implead the indemnitor and pray for recovery over in case of an adverse judgment; but the right is permissive and not mandatory. Missouri, K. & T. R. Co. v. Yale, 27 Tex. Civ.App. 10, 65 S.W. 57 (error ref.); Mc-Cart v. Scruggs (Tex.Com.App.) 26 S.W. (2d) 173.

■ But appellees contend that after sustaining the aforementioned special exceptions, appellant refused to amend and refused to proceed with the trial of the issues left in the pleadings; and that therefore the court correctly rendered judgment for appellees. Appellees cite the finding of fact filed by the court at their request as determinative of this contention. That is, the trial court found that after sustaining the aforementioned exceptions, "thereupon the court requested the parties to proceed to the trial of the cause, and attorneys for plaintiff (appellant) in open court stated to the court that in view of the special exceptions sustained by the court there were no issues of fact left for trial, and that the attorneys for the defendant E. E. Fagg and attorneys for plaintiff in open court agreed that there were no issues of fact to be tried." This finding of fact is contrary to the facts recited in appellant's motion for judgment, wherein he insisted that the sustaining of the exceptions did not destroy his cause of action, and upon which the trial court wrote its order overruling the motion and directed that "attorneys for defendants (appellees) are instructed to prepare judgment for defendants and that plaintiff take nothing by his suit." Such finding is also contrary to the action of the court in sustaining the special exceptions to the suit of appellant upon the oral contract of indemnity and the bond, because such suit should have been asserted by cross-action in the Harkey suit against appellant; and for the same reason the pleadings of appellant that Fagg did not make the sale of the land and was not entitled to a commission were stricken. And such finding of fact is also contrary to the following recitations in the judgment appealed from: " * * * the court being of the opinion that by the sustaining of said exceptions (h), (l), (o), (q), (r), (s) and (t) all issues of fact as set forth in the pleadings now on file by plaintiff have been determined and that no issue of fact is left to be tried by the court."

The judgment of the trial court is reversed, and the cause remanded for a trial upon the merits in accordance with this opinion.

Reversed and remanded.