**VANGUARD INSURANCE COMPANY,**
**Appellant,**

v.

**Wanda YOUNG et al., Appellees.**

**No. 16330.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 30, 1974.

Ramsey & Murray, Russell J. Ramsey, Houston, for appellant.

Roy E. Hungerford, Houston, for appellees.

EVANS, Justice.

Appellant, Vanguard Insurance Company, complains of the trial court's order overruling its plea of privilege to appellees' counter-claim.

Vanguard filed this action in Harris County as a declaratory judgment action to determine the question of coverage under a policy of insurance which it alleged it had issued to one of appellees, Wanda Young, covering a 1972 Chevrolet Vega; it alleged such policy was in full force and effect on November 12, 1972, the date of an accident involving said Vega automobile, being driven by appellee, Frances Biondolillo, and an automoible being driven by another defendant, Douglas M. Demmick, which was owned by defendant, James L. White. Vanguard asserted that the policy provisions had been violated because the accident was not reported to Vanguard until April 7, 1973, and prayed that by reason of such violation it be discharged from any liability whatsoever to any of the defendants.

Appellees Young and Biondolillo entered a general denial asserting they had made reasonable and diligent efforts to locate the driver of the other automobile, Douglas M. Demmick, who was evading service and that when finally located and served they had been informed by his insurance carrier that coverage on his automobile had been terminated prior to the date of the accident; that as soon as practicable after being so informed that he was an uninsured motorist, notice was sent to Vanguard.

Appellees also filed a counterclaim, labeled a cross-action, against Vanguard alleging that the negligence of Demmick had been the proximate cause of appellee Biondolillo's injuries; that appellee Young's policy of insurance had an uninsured motorist provision in full force and effect at the time of the accident and sought recovery of $10,000.00 under the policy plus 12% penalty and attorney's fees. Vanguard then filed plea of privilege to the cross-claim, asserting its right to be sued in Dallas County, to which appellees filed controverting affidavit stating that the contract had been entered into in Harris County with an authorized representative of Vanguard; that Vanguard maintained a place of business in Harris County; that by filing a declaratory judgment action, Vanguard had submitted itself to the jurisdiction of the Harris County court, and that venue could be maintained under Article 1995, Subdivision 5, Vernon's Ann.Tex. Civ.St.

In her controverting affidavit appellee Young asserted that venue was properly maintainable in Harris County against Vanguard under the provisions of Subdivision 5 of Article 1995, V.A.T.S., because the contract of insurance was entered into in Harris County with an authorized representative of Vanguard maintaining a business office in said county. To maintain venue under Subdivision 5, it must be shown not only that the party entered into or authorized a written contract, but also that the contract by its terms pro-

vides for performance of the obligations sued upon in the county of suit. 1 McDonald, Texas Civil Practice, § 4.11.1, p. 144 et seq.; Mobile County Mutual Insurance Co. v. Maldonado, 506 S.W.2d 639 (Tex.Civ.App.—San Antonio 1973, n. w. h.). The terms of the writing relied upon must be proved and the terms must expressly designate a county or a definite place therein as the place for performance. Thompson v. Republic Acceptance Corp., 388 S.W.2d 404 (Tex.Sup.1965). In this case the contract was not introduced into evidence and there was no proof given that it provided Harris County as the place for performance. Under Subdivision 5 venue cannot be fixed by implication. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948).

Vanguard's original petition is now before us in a supplemental transcript. The allegations contained in Vanguard's petition show that its action for declaratory judgment involves the same contract and occurrence which is the subject of appellee's counter-claim.

■ Venue rights may be waived by bringing suit on a claim the subject matter of which requires or permits the defendant to set up a counter-claim. See McDonald, Texas Civil Practice, Revised 1965, Vol. 1, Sec. 4.40, pp. 566–67; Rule 97, Texas Rules of Civil Procedure.

■ Vanguard cites Darling v. Panhandle & Santa Fe Railway Co., 209 S.W.2d 660 (Tex.Civ.App.—Amarillo 1948, writ ref'd n. r. e.), contending that appellant's counter-claim rested in tort and was wholly unrelated to the subject matter of its action for declaratory judgment. In the Darling case the Railroad had filed suit for declaratory judgment to construe the validity and terms of a release entered into between the Railroad and one of its employees in settlement of a personal injury claim. The employee filed cross-action for

damages and the trial court struck out the cross-action finding it was a separate suit and not a defense to the declaratory judgment action. The court of civil appeals affirmed, holding that the trial court could in its discretion properly strike the cross-action. A careful reading of that case indicates that the court determined the employee who had executed the release had no right to seek damages by way of counter-claim until such time as the release was cancelled and set aside. This is a different situation from the case at bar and the court below could have determined in the proper exercise of its discretion that appellee's counter-claim was permissible under Rule 97, Texas Rules of Civil Procedure. See Fort Worth National Bank v. Stiff, 482 S.W.2d 337 (Tex.Civ.App.—Eastland 1972, error dism'd); certiorari denied 410 U.S. 932, 93 S.Ct. 1375, 35 L.Ed.2d 594. See also McDonald, Texas Civil Practice, Vol. 2, Sec. 7.49, pp. 283 et seq. Moreover, in our opinion appellee's counterclaim does not sound in tort merely because appellees, in order to recover, must establish the negligence of the uninsured motorist. See Hill v. Seaboard Fire & Marine Insurance Company, 374 S.W.2d 606, 611, (Kansas City Ct. of App. 1963). The benefits sought by appellee's counterclaim are based upon the contractual provisions of the insurance policy. American Liberty Insurance Company v. Ranzau, 481 S.W.2d 793 (Tex.Supp.1972).

We hold that appellant Vanguard, by bringing suit for declaratory judgment on the contract in question, waived its right to assert venue in Dallas County and that the trial court properly denied appellant's plea of privilege directed to appellees' counter-claim. Zachry v. Robertson, 210 S.W.2d 466 (Tex.Civ.App.—Fort Worth 1948, approved on certified questions, 147 Tex. 307, 214 S.W.2d 949).

The trial court's order overruling appellant's plea of privilege is affirmed.