Jerry **HEMPHILL**, also known as Jerry Hemphill, Jr. Individually and doing business as Jerry's Wholesale, Appellant,

v.

**GREATER HOUSTON BANK**, Appellee.

No. 1389.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 5, 1976.

Dale French, Dameris & French, Houston, for appellant.

John R. Jones, Franklin, Kelly, Graham & Killough, Houston, for appellee.

CIRE, Justice.

This is an appeal from a summary judgment for appellee Greater Houston Bank on two promissory notes. The two notes were executed by appellant Jerry Hemphill, payable to appellee. Both notes were secured by the inventory and accounts receivable of appellant's business.

After appellant filed a general denial, appellee filed its motion for summary judgment. The motion was supported by the affidavit of appellee's vice-president, to which were attached copies of the two notes. Appellant then filed his first amended answer and counterclaim and his affidavit in opposition to appellee's motion for summary judgment. In his counterclaim and affidavit appellant stated there was a third note executed by him in favor of appellee, and that this third note was secured by appellant's automobile. Appellant further stated that "[a]fter the Plaintiff declared all notes immediately due and owing, Plaintiff breached their agreement by wrongfully taking possession of my automobile in a non-peaceable manner, against the will of my wife and I, and without our consent." On the basis of these allegations, appellant sought $4,000 damages. Appellee did not file an answer to the counterclaim or amend its motion for summary judgment.

The county court granted summary judgment for appellee in the amount of $4,049.32 on the two notes, plus $404.93 contractual attorney's fees, and dismissed appellant's counterclaim without prejudice. The court did not sever the counterclaim from appellee's suit on the two notes.

■ Appellant's first two points of error complain that the summary judgment was improperly granted because appellee failed to prove there was no genuine issue of material fact. Appellee's summary judgment evidence established that appellee was the owner and holder of the notes, that the notes were in default, the amounts due on the notes, and that appellant was the maker of the notes. Appellant did not deny any of these facts. Appellee was therefore entitled to recovery unless appellant established a defense. Tex.Bus. & Comm.Code Ann. § 3.307(a), (b).

■ Even if we were to construe appellant's counterclaim as a defensive plea for an offset, such a defense must be affirmatively pleaded. *American National Insurance Co. v. Fox*, 184 S.W.2d 937 (Tex. Civ.App.—Fort Worth 1945, writ ref'd w. o. m.). In order to prevent rendition of a summary judgment on the basis of the allegation of an affirmative defense, the non-movant must offer proof that there is a genuine issue of fact material to his affirmative defense. *Torres v. Western Casualty & Surety Co.*, 457 S.W.2d 50, 53 (Tex.Sup. 1970). Appellant's summary judgment evidence consisted only of his affidavit. The affidavit alleged that appellee had breached its agreement in the third note (secured by appellant's automobile), by wrongfully repossessing the automobile. The alleged note and agreement, or sworn or certified copies thereof, were not attached to the affidavit as required by Tex.R.Civ.P. 166–A(e), and were not attached to appellant's pleadings or otherwise made a part of the record. The affidavit was therefore insufficient to raise a fact issue on an affirmative defense of offset. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.Sup.1962). The summary judgment on

the two notes proved by appellee was properly granted.

Appellant's third point of error complains of the dismissal of his counterclaim. Although appellant failed to submit any evidence tending to show his counterclaim arose out of the same transaction as the main lawsuit, he did allege a valid permissive counterclaim under Tex.R.Civ.P. 97(b). As a claim for breach of contract, the counterclaim was not barred by subsection (g) of Rule 97, and was improperly dismissed.

It is our opinion that the improper dismissal of appellant's counterclaim "affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties." Tex.R.Civ.P. 434. As to that action, we order a severance and a partial remand. *Huffington v. Upchurch*, 532 S.W.2d 576 (Tex.Sup.1976).

That part of the judgment granting summary judgment for appellee on the two notes sued upon is affirmed. That part of the trial court's judgment dismissing appellant's counterclaim is severed, reversed and remanded to the trial court.

Affirmed in part; reversed and remanded in part.