COUNTY OF NUECES, State of Texas

v.

**Leonard J. SVAJDA and Emilen Partners.**

**No. 1654.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 23, 1980.

Rehearing Denied Nov. 20, 1980.

Michael J. Westergren, Nueces County Atty., Floyd Van Huseman, Maddin, White, Huseman, Pletcher & Powell, Inc., Corpus Christi, for appellant.

Richard W. Crews, Jr., Brin & Brin, Jorge C. Rangel, Kleberg, Dyer, Redford & Weil, John K. Buck, Pat Morris, Nicolas, Morris & Barrow, Pete Null, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is a companion case to our Cause No. 1655, styled "The County of Nueces, State of Texas v. John Floyd and Bob Garza, et al," wherein the judgment of the trial court was affirmed by a decision of this Court made this day. The facts are set out in

detail in our opinion in Cause No. 1655 and are incorporated herein by reference. They will not be repeated in this opinion.

In this appeal, the County challenges the severing of its third party action against Leonard J. Svajda and Emilen Partners from the suit brought against it by John Floyd and Bob Garza, the granting of a new trial to Svajda and Emilen Partners after judgment had been rendered in the main suit, and the rendering of summary judgment that it take nothing in its action against Svajda and Emilen Partners, third party defendants. As we understand the points of error which have been brought forward in this appeal, the County, in substance complains: 1) it was manifestly unfair and an abuse of discretion to sever the third party action out of the action brought by Floyd and Garza against the County and to grant Svajda and Emilen Partners a new trial for the reason that such actions by the trial court deprived the County of "appellate review of legal questions"; and 2) it was reversible error to render summary judgment in favor of Svajda and Emilen Partners because: a) such judgment "was contrary to the great weight and authority of this jurisdiction regarding the right of a party to indemnification of a wrongdoer," and b) "where one party commits a tort and another party is liable to the person injured by virtue of a rule of law, indemnity lies."

 The trial court's exercise of judicial discretion in the granting of a new trial will not be disturbed on appeal except upon a showing of a manifest abuse of such discretion. *Dial v. Collins*, 40 Tex. 367, 368 (1874); *Muenster Mfg. Co. v. Muenster Industrial Foundation*, 426 S.W.2d 909 (Tex. Civ.App.–Fort Worth 1968, no writ). Rule 320, T.R.C.P., provides for a new trial as to a part of a case, if "such part is clearly separable without unfairness to the parties." Rule 41, T.R.C.P., provides for a severance. The trial court will not be reversed because of the granting of a severance unless there has been an abuse of discretion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (Tex.1956). An action for indemnity is a separate cause of action and may be maintained in a separate suit. *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774 (1944). In the instant case it was not an abuse of discretion to sever the County's third party action against Svajda and Emilen Partners from the action brought against the County by Floyd and Garza, plaintiffs. The granting of a new trial to Svajda and Emilen Partners did not constitute an abuse of discretion. Neither the severance nor the granting of a new trial to Svajda and Emilen Partners resulted in any unfairness to the County, or deprived the County of any right to an appeal from such rulings by the trial court.

Concerning the third party action against Svajda and Emilen Partners, the County, in addition to alleging that Mikkelson and Youngblood, as agents for Svajda and Emilen Partners, made material representations to Floyd and Garza in connection with the sale of the land in question, which were false, further alleged

"C. THAT the Defendant says that prior to the commencing of any operations for the clearing of an existing drainage ditch, which ditch is the central issue in this law suit, Defendant was notified by Plaintiffs predecessor in title, Emilen Partners, by and through their attorney in–fact, Leonard J. Svajda, that said third party Defendant had no objection to the county's operations on said ditch and in fact encouraged the commencement of said operations; and therefore the Plaintiffs are bound by the actions of their predecessors in title and to the said third party Defendant is liable to this Defendant for any damages of any kind which may be awarded against this Defendant in the suit brought herein by the said Plaintiff."

The foregoing constitutes all of the allegations made by the County in its action against Svajda and Emilen Partners for indemnity.

 Indemnification against another tortfeasor has traditionally been determined according to the rule announced in *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563, 565 (1949). The rule was there stated:

"In order to determine whether the loss should be shifted from one tortfeasor to another the proper approach is to consider the one seeking indemnity as though he were a plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co—tortfeasor."

See also *General Motors Corporation v. Simmons*, 558 S.W.2d 855 (Tex.1977).

Applying the above rule to this case, in order to determine if a right to indemnification exists, we must hypothesize a lawsuit with Nueces County as plaintiffs and Svajda and Emilen Partners as defendants. The claim for relief by Nueces County would be for the damages incurred on the property of Floyd and Garza by the flooding. Nueces County would be unable to present such a claim for relief, however, because the liability imposed by the County is absolute for any damages caused by ditching operations conducted by it. This absolute liability, which is imposed by Article 6730, Tex.Rev.Civ.Stat.Ann. (1960), exists despite any actions on the part of a third party. Accordingly, in a hypothetical lawsuit by Nueces County against Svajda and Emilen Partners, a defense that the liability imposed by Art. 6730 cannot be abrogated by any actions of Svajda or Emilen Partners would be successful. See *Angelina County v. Bond*, 16 S.W.2d 338 (Tex.Civ.App.–Beaumont 1929, no writ). Furthermore, Nueces County would not have a cause of action in fraud against Svajda and Emilen Partners because no duty was owed by them to Nueces County. The County does not have a right to indemnity.

Moreover, the pleadings by the County in its action against Svajda and Emilen Partners, even if considered most liberally in favor of the County, do not allege that Svajda and Emilen Partners committed a tort against the County. Simply stated, the pleadings by the County would not support a judgment in its favor which convicted Svajda and Emilen Partners of wrongdoing.

The County, in support of its position, relies upon the recent case of *B & B Auto Supply, Sand Pit and Trucking Co. v. Central Freight Lines, Inc.*, 603 S.W.2d 814 (Tex.1980). In that case, the Court, in effect, abolished the concept of indemnification as a "winner–take–all" rule in those cases falling within the purview of Article 2212a, Tex.Rev.Civ.Stat.Ann. (1980 Supp.), that is, in those cases involving negligence of joint tortfeasors. The scope of the holding was limited, however, by stating:

"Our holding is not intended to bar indemnity in cases in which there is a contractual basis for indemnity or cases in which one party's liability is purely vicarious. We express no opinion whether this holding would extend to a strict liability case or a case involving a combination of negligent and strictly liable tortfeasors."

Since this is not a negligence case and the involved party, Nueces County, is strictly liable by statute for any harm caused by the damages from its ditching operations, the holding of *B & B Auto Supply* does not control the disposition of the issue of indemnity in the instant case.

The challenged actions by the trial court did not affect, deny or abridge the County's right to appeal the judgment rendered by the trial court, nor did such rulings and orders deprive the County of its right to an "appellate review of legal questions." The granting of the motions for new trial and severance was proper. The trial court correctly rendered summary judgment for Svajda and Emilen Partners. We have carefully considered all points of error presented by the County, and they are overruled.

The judgment of the trial court is AFFIRMED.

NYE, C. J., not participating.