Joe E. SCHERO, Appellant,

v.

Clinton MANGES, Appellee.

No. 16924.

Court of Appeals of Texas,
San Antonio.

Feb. 23, 1983.

Rehearing Denied March 30, 1983.

William H. White, Margaret A. Pollard, Olney G. Wallis, Houston, for appellant.

Pat Maloney, Royal Adams, San Antonio, Lawrence Mann, Laredo, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from an order overruling a plea of privilege.

Patterson Services, Inc., d/b/a Patterson Rental Tools (Patterson) initiated a law suit against appellant Joe E. Schero and appel-

lee Clinton Manges, cause number 1243 on the docket of the 49th Judicial District Court of Zapata County, Texas. The operative pleading in cause number 1243 was Plaintiff's Third Amended Original Petition, and it was alleged therein that, from the period of August 2, 1978 to December 28, 1980, Patterson delivered certain Hydrill tubing which was to be placed at a certain well in Zapata County. The essence of the cause of action alleged in the petition was that appellant Schero and appellee Manges, jointly owed Patterson money for rental of the tubing and for wrongfully withholding the tubing and using the same for their own use and benefit. Appellant Schero in his First Amended Original Answer answered Patterson's suit by a general and special denial and a cross-action against appellee Manges for contribution and indemnity.

Appellee Manges answered appellant Schero's cross-action with a general denial and a motion for severance. On March 25, 1981, appellee Manges' motion for severance was granted and appellant Schero's cross-action was ordered to be docketed as number 1243–A. On April 13, 1981, appellee Manges filed a counterclaim against appellant Schero in cause number 1243–A seeking to hold Schero accountable for other business deals between them. In response to such counterclaim appellant Schero filed his plea of privilege. After hearing the argument of counsel and receiving certain joint-stipulated exhibits, but hearing no testimony, the court took the plea of privilege under advisement. On July 13, 1981, the court entered its order overruling appellant Schero's plea of privilege resulting in this appeal.

■ In point of error number three, appellant Schero raises the issue of inadequate notice as required by Tex.R.Civ.P. 166–A(c). Rule 166–A(c) applies to motions and proceedings in summary judgments. Since a summary judgment is not now before this court, we find Rule 166–A(c) inapplicable. Point of error number three is overruled.

■ In points of error numbers one and two appellant Schero alleges that the court erred in overruling his plea of privilege because the controverting affidavit was insufficient as a matter of law in that it did not state a cause of action and because it failed to state an exception to the general venue statute. Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon Supp.1982–83).

At the outset we note that appellant did not file any special exceptions to the counterclaim or controverting affidavit filed by appellee Manges. By his failure to except to the contents of the controverting affidavit at the trial level he has waived any like complaint for the first time on appeal. Tex.R.Civ.P. 90; *Wade v. Superior Insurance Co.,* 244 S.W.2d 893, 896 (Tex.Civ.App.—Eastland 1951, writ ref'd). Appellant Schero's points of error numbers one and two are overruled.

We agree with appellee Manges that the controverting affidavit speaks only to waiver. Accordingly, appellant Schero's final two points will be discussed together since they involve the issue of whether appellant Schero waived his venue rights by filing the cross-claim against appellee Manges.

■ It is well settled that a plaintiff who institutes a suit in a county other than that of his residence submits to the jurisdiction of the court of that county as to all matters growing directly out of the subject matter of the suit, and thereby waives his right to insist on his privilege to be sued in the county of his domicile on a cause of action of that character asserted in a cross-action. *Zachry v. Robertson,* 147 Tex. 307, 214 S.W.2d 949, 952 (1948); *Skidmore v. Cook,* 417 S.W.2d 79 (Tex.Civ.App.—San Antonio 1967, writ dism'd). The trial court did not hear any evidence and only considered the pleadings filed in the case. We therefore only have the pleadings to assist us in determining the true nature of appellant Manges' counterclaim. The nature of the claims can be determined by looking to the pleadings. *Powell v. Short,* 308 S.W.2d 532 (Tex.Civ.App.—Amarillo 1958, no writ). We have examined the pleadings in cause number 1243–A and we can reach no other conclusion but that appellee Manges' coun-

terclaim in no way relates to, or arises out of appellant Schero's cross-action against appellee Manges for contribution and indemnity. Under the evidence before us, we hold that appellee Manges has failed to show that appellant Schero waived his right to be sued in Harris County. The court erred in overruling appellant Schero's plea of privilege. The judgment of the trial court is reversed and the cause is hereby remanded with instructions to sever appellee Manges' counterclaim in cause number 1243–A and transfer same to the District Court of Harris County.

CANTU, Justice, dissenting.

The majority opinion correctly disposes of appellant Schero's first three points of error. However, I cannot agree that Schero's final two contentions require the treatment accorded by the majority.

In order to properly understand appellee's position with regard to Schero's plea of privilege it is necessary to examine all of the exhibits admitted before the trial court upon stipulations.

In Schero's answer to plaintiff Patterson's Third Amended Original Petition, and in his cross-action against appellee Manges, Schero admitted to partial liability and sought contribution and indemnity from Manges because Manges had allegedly been the beneficiary of the equipment supplied by Patterson. Schero admitted that he and Manges had been engaged in numerous joint ventures in the oil and gas business throughout South Texas. Schero further admitted that his involvement with the certain well in Zapata County arose as a result of his desire to further his joint ventures with Manges, the well in question being a part of their long range joint ventures.

Schero further admits in his brief that the true nature of Patterson's original lawsuit was to recover the rental value "of various tubing and equipment [delivered] to Schero for work on various oil or gas wells located in Zapata County."

Following Manges' answer to Schero's cross-action and the granting of his motion for severance, the cause was docketed as number 1243–A. Thereafter Manges filed his counterclaim against Schero seeking damages arising out of mutual business dealings in which Manges claimed Schero was indebted to him. Manges sought an equitable lien against all properties or assets of Schero and an accounting from Schero.

In response to Manges' counterclaim, Schero filed this plea of privilege. Manges filed an instrument denominated "Controverting Plea" in which he neither sets out any statutory exception to the general rule that Schero has an absolute right to be sued in the county of his domicile, nor directly or indirectly incorporates his pleadings into his "Controverting Plea" so as to state a cause of action against Schero. Manges' "Controverting Plea" alleged facts tending to show that Schero had, prior to the filing of his plea of privilege, waived his rights concerning venue. No testimony was received by the trial court on Schero's plea of privilege hearing and the court treated the opposing instruments as raising a question of law.[1]

The majority opinion relies on *Zachry v. Robertson,* 147 Tex. 307, 214 S.W.2d 949 (1948) and *Skidmore v. Cook,* 417 S.W.2d 79 (Tex.Civ.App.—San Antonio 1967, writ dism'd) for the proposition that a plaintiff who institutes a suit in a county other than that of his residence submits to the jurisdiction of the court of that county as to *all matters growing directly out of the subject matter of the suit,* and thereby waives his right to insist on his privilege to be sued in the county of his domicile on a cause of action of that character asserted in a *cross-action.* Applying the foregoing rule, the majority holds that Manges' *counterclaim* neither arises out of nor relates to Schero's

---

1. Counsel for Manges offered to present evidence in support of his motion raising waiver in bar of Schero's plea of privilege and advised the court that witnesses were standing by to testify. Following pleas by Manges' attorney imploring the trial court not to decide the matter without permitting a tender of proof, the trial court assured the parties that he would not deprive them of a right to offer proof. The matter was taken under advisement and an order entered without apparent benefit of proof.

*cross-action* against Manges for contribution and indemnity. The majority then severs Manges' counterclaim and orders it transferred to Harris County while at the same time retaining Schero's cross-action against Manges in Zapata County. The cross-action filed by Schero against Manges purports to be based upon common law equitable right to contribution or an implied contractual right to indemnity since it does not purport to arise as a result of tort or some contractual provision. Manges' liability to Schero was contingent upon Schero's liability to Patterson. Although Manges was already a defendant along with Schero as to Patterson's original suit, Schero was not compelled to seek contribution or indemnity from Manges until an unfavorable judgment exposed him to liability. Thus Schero's cross-action against Manges was not mandatory but only permissive at the time it was brought and could have been maintained in a separate suit. *County of Nueces v. Svajda,* 608 S.W.2d 752 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.); *Barker v. Fagg,* 107 S.W.2d 490 (Tex. Civ.App.—Austin 1937, no writ).

When Schero's cross-action was severed from the main lawsuit, Schero assumed the posture of a plaintiff and Manges that of a defendant. The order of severance, in fact, styled the parties in such a manner. Manges' counterclaim against Schero did not change the previous status of the parties but merely rendered Schero a counter-defendant as well as a plaintiff while at the same time rendering Manges a counter-plaintiff in addition to his status of defendant.

It is axiomatic that the rights conferred by our venue statutes are for the benefit of defendants and not for the benefit of plaintiffs who necessarily have and do exercise the power to select their forum. The majority opinion makes no distinction between a cross-plaintiff and a counter-plaintiff.

Tex.R.Civ.P. 97 addresses and clearly distinguishes between cross-claims and counterclaims. For example, a cross-claim may arise as a claim by one party against a co-party and may be pleaded if it arises out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such a claim contemplates a suit for contribution or indemnity. Tex.R.Civ.P. 97(e). Cross-claims may involve parties not already in the main suit. Tex.R.Civ.P. 97(f).

A counterclaim may be either compulsory or permissive. The claim need not involve the subject of a pending action to be pleaded so long as it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. If the claim meets the foregoing requisites it is recognized as a compulsory counterclaim. *See also* R. McDonald, Texas Civil Practice § 7.49.

In contrast, a permissive counterclaim may be pleaded against an opposing party whether or not it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Tex.R.Civ.P. 97(b); R. McDonald, Texas Civil Practice § 7.50. *See also, Hemphill v. Greater Houston Bank,* 537 S.W.2d 124 (Tex.Civ. App.—Houston [14th Dist.] 1976, no writ).

Furthermore, the counterclaim may seek a greater or lesser amount of recovery than does the opposing party and may seek different relief, limited only by the subject matter jurisdiction of the court.

We thus note that only cross-claims under Tex.R.Civ.P. 97(e) and compulsory counterclaims, under Tex.R.Civ.P. 97(a) require that the counter or cross-claims arise out of the transaction or occurrence that is the subject matter of the opposing party's claim or original action.

Both *Zachry v. Robertson, supra,* and *Skidmore v. Cook, supra,* speak in terms of *cross-actions* but it is evident that the term is used in its generic sense when it really refers to a compulsory counterclaim as between the original plaintiff and original defendant in the lawsuit. The holdings are therefore consistent with the language of Tex.R.Civ.P. 97(a), requiring that the counterclaim arise out of the transaction or occurrence that is the subject matter of the opposing party's claim.

In the instant case, examination cannot be limited solely to Schero's pleadings because Schero's cause of action is derivative from Patterson's original lawsuit. Whatever claim Schero might have against Manges is dependent of the claim Patterson has against Schero. *Cf. Barton v. Farmers' State Bank,* 276 S.W. 177 (Texas Com.App. 1925). While it is recognized that venue rights are generally for the benefit of a defendant, a plaintiff may on occasion waive the same rights. *Perone v. Texas Department of Corrections,* 583 S.W.2d 880 (Tex.Civ.App.—Tyler 1979, writ dism'd); *Crosby v. Heldt Brothers Trucks,* 394 S.W.2d 235 (Tex.Civ.App.—San Antonio 1965, no writ).

Prior to 1941, it was well settled that a plaintiff could not successfully urge a plea of privilege where he had sued in a county which was not his residence and the defendant filed a counterclaim. *See Bailey v. Federal Supply Co.,* 287 S.W. 1090 (Texas Com.App.1926); *Traders & General Insurance Co. v. Rhodabarger,* 109 S.W.2d 1119 (Tex.Civ.App.—El Paso 1937, writ dism'd).

The rationale was that "a plaintiff calling a defendant into court for the purpose of obtaining relief against him invites him to set up all defenses which may defeat the [claim] sued on, or any other appropriate and germane to the subject matter of the suit, which should be settled ... before a proper adjudication of the merits ... can be obtained. He grants him the privilege of setting up all such counterclaims ... as he holds against the plaintiff which may legally be pleaded in such suit." *De la Vega v. League,* 64 Tex. 205, 214 (1885).

In these counterclaims which arise out of the subject matter of the plaintiff's claim, be they compulsory or permissive, the law remains unchanged. *Hurst v. Stewart,* 526 S.W.2d 668 (Tex.Civ.App.—San Antonio 1975, writ dism'd); *Vanguard Insurance Co. v. Young,* 511 S.W.2d 65 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

Only those permissive counterclaims that do not arise out of the subject matter of the plaintiff's claim pose a problem. Clearly Schero was not compelled to initiate a lawsuit against Manges in Zapata County. He might well have initiated it in his home county subject to Manges' Plea of Privilege or in Manges' home county. The net result of the majority ruling is to confer upon Schero the right to select where he will prosecute his lawsuit and where he will defend a counterclaim arising solely as a result of Schero's decision to litigate against Manges.

Schero, having selected a forum for the litigation of controversies connected with a particular series of transactions which might result in liabilities established against him should not be permitted to now complain about the forum. *Ratner v. Powers,* 565 S.W.2d 120 (Tex.Civ.App.—Eastland 1978, no writ); *Vanguard Insurance Co. v. Young, supra.*

From all the exhibits before the trial court it appears that some of the claims Manges asserts against Schero are related in some manner to the claims Patterson holds against both Schero and Manges and to which Schero admits partial liability but seeks contribution and indemnity from Manges. The counterclaim asserted by Manges is in essence a set-off against any liability adjudged against him in favor of Schero. The counterclaim is therefore not patently unrelated.

Since the trial court did not hear evidence there is nothing before us other than the pleadings to assist us in determining the true nature of Manges' counterclaim. If the majority refuses to presume that the trial court found such facts as are necessary to support its judgment, there being no findings of fact and conclusions of law requested by Schero, *Rouse v. Shell Oil Co.,* 577 S.W.2d 787 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd) then minimally this court should remand the case to the trial court for a development of evidence on the true nature of Manges' counterclaim as it relates to the issue of waiver.

I dissent to the disposition made by the majority.