COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

                                   NUMBER
13-01-640-CV

 

JOHN M. O=QUINN, JOHN M. O=QUINN, P.C. 

D/B/A O=QUINN & LAMINACK, JOHN M. O=QUINN 

AND ASSOCIATES, L.L.P., AND JOHN M. O=QUINN 

LAW FIRM, P.L.L.C.,                                                           Appellants,

 

                                                   v.

 

BENJAMIN
HALL,                                                              Appellee.

___________________________________________________________________

 

                        On
appeal from the 370th District Court 

                                  of Hidalgo County, Texas.

__________________________________________________________________

 

                                   NUMBER
13-02-109-CV

 

IN
RE:  JOHN M. O=QUINN,
JOHN M. O=QUINN,
P.C. 

D/B/A
O=QUINN
& LAMINACK, JOHN M. O=QUINN 

AND
ASSOCIATES, L.L.P., AND JOHN M. O=QUINN 

LAW FIRM, P.L.L.C.,                                                           Relators.








___________________________________________________________________

 

                            On Petition for Writ of Mandamus.

__________________________________________________________________

                                   O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 

In this original proceeding, relators, John
M. O=Quinn &
Associates, L.L.P., John M. O=Quinn, P.C. d/b/a/ O=Quinn & Laminack, John M. O=Quinn, and John M. O=Quinn Law Firm,
P.L.L.C., (O=Quinn), ask this Court
to issue a writ of mandamus directing respondent, the Honorable Noe Gonzalez of the 370th District Court of Hidalgo County,
to enter an order transferring the claims of real party in interest, Benjamin
Hall III, to Brazoria County.  We
conclude mandatory venue lies in Brazoria County, and conditionally grant the
petition for writ of mandamus.

I.  Facts

The City of Mercedes, on behalf of itself and all other similarly
situated cities (the City), filed an original petition seeking to recover
damages from certain utility and energy companies for their unauthorized use of
public land and rights of way.  In the event
of future recovery from the utility and energy companies, John M. O=Quinn &
Associates, L.L.P. (formerly John M. O=Quinn, P.C.), filed a
petition in intervention seeking to enforce a power of attorney and a
contingent fee contract.








Hall intervened against John M. O=Quinn &
Associates, L.L.P. (O=Quinn &
Associates), claiming an interest in the contingent fee contract, and
cross-claimed against all O=Quinn parties
asserting claims that arose out of the terms of his employment with one or more
of the O=Quinn parties.  Hall also asked the Hidalgo County Court to
enjoin a related proceeding filed against Hall and another party in Brazoria
County by some, but not all, of the O=Quinn parties.  The trial court granted the injunctive relief
requested and enjoined the proceeding in Brazoria County.[1]

O=Quinn & Associates
filed a motion to transfer venue before it filed its answer.  The motion was based, in part, on the
mandatory venue provisions of section 15.012 of the Texas Civil Practice and
Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 15.012.  Section 15.012 requires that actions to stay
proceedings in a suit be brought in the county where the suit is pending.  Id. 
The three remaining O=Quinn parties
answered, and incorporated, adopted, and joined O=Quinn & Associates= motion to transfer
venue and all related briefing.








On October 12, 2001, the trial court in Hidalgo County denied O=Quinn=s motion to transfer
venue and concluded venue was proper in Hidalgo County.[2]  O=Quinn challenges this
denial by petitioning for writ of mandamus.  Id. at '
15.0642 (Vernon Supp. 2002).

 

 

II. 
Jurisdiction

O=Quinn asserts this
Court has jurisdiction to issue a writ of mandamus under section 15.0642 of the
Texas Civil Practices and Remedies Code. 
Id.  A party may apply for
a writ of mandamus to enforce a mandatory venue provision of the venue
statute.  Id.  The mandatory venue provision O=Quinn seeks to enforce
is section 15.012 which provides A[a]ctions
to stay proceedings in a suit shall be brought in the county in which the suit
is pending.@  Id. at '
15.012.

Hall contends we have no jurisdiction because the grant of mandamus
jurisdiction found in sections 15.0642 and 15.012 for anti-injunction suits
applies only to cases where the relief sought is primarily injunctive
relief.  Because he seeks only ancillary
injunctive relief, Hall concludes we have no mandamus jurisdiction.  








Hall relies on In re Cont= l Airlines, Inc., 988 S.W.2d 733, 736
(Tex. 1998).  The defendant in In re Cont=l contended section 65.023(a) of the injunction
statute mandated venue.[3]  Id. at 736.  The supreme court
acknowledged section 62.023, a venue section of the injunction statute,
applied, but only to suits where the relief sought was purely or primarily
injunctive.  Id. (citing Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283, 287 (Tex.
1959)).  Hall asserts we should be guided
by this reasoning.

However, the defendant in In re
Cont=l Airlines did not assert that
section 15.012 of the venue statute mandated venue.  Neither did the court acknowledge that
section 15.012 applied only to suits where the relief sought was primarily
injunctive.  Hall provides us with no
authority for that contention, and we find none.  Hall argues, nonetheless, that any mandatory
venue provision involving anti-suit injunctions, such as section 15.012,
applies only to suits in which the relief sought is purely or primarily
injunctive.








We agree that the venue of suits filed purely for injunctive relief is
governed by the injunction statutes. 
However, where the main suit is for other than injunctive relief and the
injunction is ancillary, incidental or adjunctive, venue is determined, not by
injunction statutes, but by the venue statutes. 
Guillot v. Godchaux,
73 S.W.2d 924, 925 (Tex. Civ. App.BDallas 1934, no writ)
(construing predecessor to section 65.023). 
Therefore, looking at the venue statutes, the definition of Aproper venue@ includes venue required
by mandatory provisions of the venue statute. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 15.001(b) (Vernon
Supp. 2002).  Section 15.012 is a
mandatory venue section that places venue of anti-suit injunctions Ain the county in which
the suit is pending.@  Id. ' 15.012. 
We find nothing in the plain language of section 15.012 limiting this
mandatory venue section to suits that are primarily injunctive.  Accordingly, we determine the scope of this
mandatory venue provision involving anti-suit injunctions includes primarily
injunctive relief suits and suits in which injunctive relief sought is
ancillary to other relief.  

Because Hall concedes he seeks injunctive relief ancillary to other
relief, and because venue thereof is to be determined by the venue statutes, we
conclude this Court has jurisdiction over this mandamus proceeding, pursuant to
section 15.0642, to enforce mandatory venue section 15.012.

III. Venue

Having determined we have jurisdiction over this matter, we now
address the issues presented: (1) whether the trial court abused its discretion
by refusing to transfer Hall=s petition in
intervention and cross-claim to Brazoria County pursuant to section 15.012; and
(2) whether the O=Quinn parties waived
their venue challenges.

A.  Standard of Review








The standard for reviewing mandatory venue is whether the trial court
abused its discretion.  In re Mo. Pac.
R.R. Co., 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding).  A clear abuse of discretion occurs when the
trial court clearly fails to analyze or apply the law correctly.  Id.; Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992).  It also occurs in relation to factual issues
when the trial court could reasonably have reached only one decision, but
reaches another.  In
re Mo. Pac. R.R. Co., 998 S.W.2d at 216.

 

B.  Analysis

1. Mandatory Venue

Section 15.001(b) of the Texas Civil Practice and Remedies Code
defines Aproper venue@ as:

(1)             
the venue
required by the mandatory provisions of Subchapter B or another statute; or

 

(2)             
if Subdivision (1) does not apply, the venue provided
by this subchapter [general venue] or Subchapter C [permissive venue].

 

Tex.
Civ. Prac. & Rem. Code Ann. ' 15.001(b). 
Section 15.012, found in mandatory venue subchapter B, provides A[a]ctions to stay
proceedings in a suit shall be brought in the county in which the suit is
pending.@  Id. at ' 15.012.  O=Quinn asserts section 15.012 is the controlling
mandatory venue provision in this case, and that it mandated venue of all
claims in Brazoria County.








It is undisputed
Hall filed his injunction action in Hidalgo County.  O=Quinn=s motion for transfer of venue asserted section
15.012 required Hall=s claims to be transferred to Brazoria County.  To prove mandatory venue existed there, O=Quinn was required to produce prima facie
proof establishing section 15.012 applied. 
Tex. R. Civ. P. 87(3)(c) (AA ground of mandatory venue is established when the
party relying upon a mandatory exception to the general rule makes prima
facie proof as provided in subdivision (a) of paragraph 3 of this rule.@).  Prima
facie proof may consist of an affidavit and attachments.  Id. at 87(3)(a).

O=Quinn=s proof consisted of the affidavit of John M. O=Quinn, attached to its motion to transfer
venue.  The affidavit established the
proceeding Hall sought to enjoin was pending in Brazoria County.  This is prima facie proof that
mandatory venue section 15.012 applied in this case.  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.012. 
Hall asserted no competing mandatory venue provision.

Because O=Quinn satisfied its burden to show mandatory venue
required Hall=s claims to be transferred, the trial court abused
its discretion when it refused to apply section 15.012 and transfer Hall=s claim for injunctive relief to Brazoria County.

Furthermore,
section 15.004, provides:

In a suit in which a plaintiff properly joins two
or more claims or causes of action arising from the same transaction,
occurrence, or series of transactions or occurrences, and one of the claims or
causes of action is governed by the mandatory venue provisions of Subchapter B,
the suit shall be brought in the county required by the mandatory venue
provision.

 








Tex.
Civ. Prac. & Rem. Code Ann. ' 15.004 (Vernon Supp. 2002).  While seeking ancillary injunctive relief,
Hall asserted an interest in a contingent fee contract as well as other claims
arising out of his employment with O=Quinn, specifically O=Quinn & Laminack.  Because venue is mandatory in Brazoria County
on Hall=s
ancillary claim for injunctive relief, venue is mandatory in Brazoria County
for all of his claims.  Accordingly, the
trial court abused its discretion in refusing to transfer all claims asserted
by Hall to Brazoria County.

2.  Waiver

a.  O=Quinn and Associates

Hall contends
because O=Quinn
and Associates intervened in the City=s litigation, it cannot claim error related to the
court denying its motion to transfer venue. 
However, venue involves the privilege of a party in its capacity as a
defendant to be sued in a particular county. 
Elliff v. Boswell, 25 S.W.2d
268, 269 (Tex. Civ. App.BSan Antonio 1930, no writ) (recognizing that party
may object to venue only in his capacity as a defendant).  The privilege to be sued in a particular
county was, therefore, not at issue prior to the filing of Hall=s intervention and cross-claim.

When O=Quinn & Associates filed its intervention, it
had no privilege regarding venue to assert because it had not been sued and was
not a defendant.  Id.  Therefore, it could not have waived its right
to challenge venue.  When O=Quinn and Associates was sued by Hall and became a
defendant, the due order of pleading requirements of rule 86 were
satisfied.  See Tex. R. Civ. P. 86.  O=Quinn and Associates filed its motion to transfer
venue before its original answer to Hall=s original petition in intervention and
cross-claim.  See id.








In addition, as
to Hall=s
cross-claim, a party who asserts a claim does not waive its right to challenge
venue of claims asserted against it that do not arise out of the subject matter
of its claim.  Schero
v. Manges, 648 S.W.2d 358, 359-60 (Tex. App.BSan Antonio 1983, writ ref=d n.r.e.); Skidmore v.
Cook, 417 S.W.2d 79, 81 (Tex. Civ. App.BSan Antonio 1967, writ dism=d).  Hall
claimed that O=Quinn owed him money under the terms of his
employment agreement with O=Quinn & Laminack.  O=Quinn & Associates did not waive its challenge
to the court=s
venue ruling because Hall=s claims did not arise out of the subject matter of
O=Quinn=s intervention.

b.  John M. O=Quinn, John M. O=Quinn, P.C. d/b/a O=Quinn & Laminack, 

and John M. O=Quinn Law Firm, P.L.L.C.

 








Hall contends
the remaining three O=Quinn parties did not obtain a ruling on their
venue objections and, thus, have waived them. 
He concludes this because, in the October 12, 2001, order, the trial
court identified the motion it was denying as AJohn M. O=Quinn & Associates, L.L.P.=s Motion to Transfer Venue.@  However,
when the three remaining O=Quinn parties answered, each one incorporated,
adopted, and joined such motion to transfer venue and all related briefing
therein.  This Court has expressly
recognized that a ruling on a motion to transfer venue that a party adopts or
joins is treated as a ruling obtained by the joining party.  Garcia v. Garza, 70 S.W.3d 362, 366,
368-69 (Tex. App.BCorpus Christi, 2002, pet. filed); see Billings
v. Concordia Heritage Ass=n, Inc.,
960 S.W.2d 688, 692-93 (Tex. App.BEl Paso 1997, pet. denied) (noting motion to
transfer was filed by all appellants, where one appellant had merely joined the
motion of the others, and treating denial of motion as adverse venue ruling
obtained by joining appellant); accord Chapman v. King Ranch, Inc., 41
S.W.3d 693, 699-700 (Tex. App.BCorpus Christi 2001, pet. filed) (affirming
granting of summary judgment in favor of defendant after he adopted
co-defendant=s
summary judgment motion in its entirety and incorporated the entire motion).  Moreover, the trial court found venue was
proper as to all of the O=Quinn parties, listing each by name.  Plainly, the October 12, 2001, order that
denied the motion to transfer venue was an adverse venue ruling against all O=Quinn parties.

IV.  Conclusion

Because we find
the trial court abused its discretion when it denied O=Quinn=s motion to transfer venue, we conditionally grant
the petition for writ of mandamus.  If
the trial court fails to enter an order transferring Hall=s claim for injunctive relief and his intervention
and cross-claims against O=Quinn to the 23rd District Court in Brazoria County
within ten days of this opinion, we will issue the writ.

V.  Anti-Suit Injunction

Having concluded
there is no underlying venue in Hidalgo County, there is, by necessity, no venue
for purposes of injunctive relief.








Accordingly, in
interlocutory appeal, John M. O=Quinn, John M.
O=Quinn, P.C.
d/b/a O=Quinn & Laminack, John M. O=Quinn and Associates, L.L.P., and John M.
O=Quinn Law Firm,
P.L.L.C., v. Hall, cause number 13-01-640-CV, we reverse the August 21, 2001, judgment
of the Hidalgo County Court granting Hall=s request for a
temporary injunction from proceeding, prosecuting or otherwise participating in
any way in John M. O=Quinn &
Associates, L.L.P., John M. O=Quinn, John M. O=QUINN, P.C., O=QUINN & Laminack and John M. O=Quinn Law Firm, P.L.L.C. v. Benjamin L. Hall, III
and Elizabeth Hawkins, cause number 10498-5-BH01, pending in the 23rd District Court of
Brazoria County, Texas, and thereby dissolve the temporary injunction.

NELDA
V. RODRIGUEZ

Justice

 

Publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 17th day of May,
2002.

 











[1]The
granting of the anti-suit injunction is the subject of a separately filed
interlocutory appeal, John M. O=Quinn,
John M. O=Quinn, P.C.
d/b/a O=Quinn & Laminack, John M. O=Quinn
and Associates, L.L.P., and John M. O=Quinn
Law Firm, P.L.L.C., v. Hall, cause number
13-01-640-CV, that is addressed later in this opinion.





[2]O=Quinn=s
venue issues raised by the October 12, 2001, order are the basis of this
mandamus proceeding.  O=Quinn
also filed an interlocutory appeal, cause number 13-02-021-CV, from the October
12 order raising joinder issues.  Our opinion in that cause number, styled John
M. O=Quinn, John M.
O=Quinn, P.C.
d/b/a O=Quinn & Laminack, John M. O=Quinn
and Associates, L.L.P., and John M. O=Quinn
Law Firm, P.L.L.C. v. Benjamin Hall, addresses the
joinder issues.





[3]Section
65.023 provides:

 

(a) Except as provided by Subsection (b),
a writ of injunction against a party who is a resident of this state shall be
tried in a district or county court in the county in which the party is
domiciled.  If
the writ is granted against more than one party, it may be tried in the proper
court of the county in which either party is domiciled.

 

(b)
A writ of injunction granted to stay proceedings in a suit or execution on a
judgment must be tried in the court in which the suit is pending or the
judgment was rendered.

 

Tex. Civ. Prac.
& Rem. Code Ann. '
65.023 (Vernon 1997).